Christian, J.,
delivered the opinion of the court.
This case presents a single question. It arises upon the proper construction to be given to the sixth clause of the will of the testator, John L. Shultice, which is in the following words : “ All the rest and residue of my estate, of whatsoever nature, kind or description, not hereinbefore disposed of, including all my slaves and the future increase of the females thereof, on the death or marriage of my wife, I give and devise to my daughter, Eliza Ann Genther, and her children, including her child by her first husband, Wm. Hollow, dec’d, to and for her and their sole and separate use and benefit, and not to be subject to or liable in any way whatsoever for the debts of her liuband, Henry D. Genther.”
According to the facts agreed, at the testator’s death, his daughter, Eliza Ann Genther, had five children, three daughters and two sons, one of the daughters by a former marriage being about twenty years old, the other two being ten and three years old respectively, and the two sons aged respectively six and eight years. The first named daughter, Sarah W. Rollow, intermarried with George W. Wroten in the year 1850. Suit was brought in the Circuit court of Spotsylvania to subject the property devised to Sarah Rollow by her grandfather, under the sixth clause of his will above quoted, to the debts of her husband, George W. Wroten, which property it seems was conveyed by Wroten to Wm. A. Little, trustee, to secure certain creditors of said Wroten.
The Circuit court held, “ that under the sixth clause of the will of her grandfather, John L. Shultice, the defendant, Sarah W. Wroten, took the property thus devised to her, for her sole and separate use and benefit *253 and freed from all liability for the debts of her husband; and that 4 Gunnery Hall,’ which is part of said devise, is the separate estate of the said Sarah W. "Wro1 , , .. . ten, and was not lawfully conveyed to said lnttLe, trustee, by the said deed of the 16th of May 1861; and that said Sarah W. 'Wroten is entitled to hold and enjoy i-t, freed from any claim of said trustee under said deed of trust.” From this decree an appeal ivas allowed by this court.
The rule is well settled, as is abundantly shown by the authorities cited by the counsel for the appellant, to which many other cases, English and American, might be added, that courts of equity will not deprive the husband of his rights at law unless the words relied upon to create a separate estate, of themselves leave no doubt of the intention to exclude him. Schouller’s Domestic Relations 191, and cases there cited.
Mr. Justice Story lays down the rule in these' words: 44 The purpose ” (to exclude any present or future husband,) 44 must clearly appear beyond any reasonable doubt; otherwise the husband will retain his ordinary legal and marital rights over it.” 2 Story Eq. § 1381. See also, Lumb v. Milnes, 5 Ves. R. 517; Brown v. Clark, 3 Ves. R. 166; Rich v. Cochell, 9 Ves. R. 370, 377; Massey v. Parker, 2 Mylne & Keen R. 174.
In the last mentioned case the Master of the Rolls said: 44 The cases require very distinct and unequivocal expressions to create a separate interest in the wife ; and the husband is not to be excluded except by words which leave no doubt of the intention.” In Tyler v. Lake, 2 Russ. 4 Mylne 183. Lord Brougham said: “ I take the principle to be now thoroughly established that courts of equity will not deprive the husband of his rights at law, 'unless there appears to be a clear intention manifested by the testator that the husband should be so *254 exelU(^e<T” The following American eases, among others, establish the same doctrine: Meredith v. Owen ,4 Sneed’s R. 223; Gilliam v. Welch, 4 Dev. Law R. 286; Ashcraft v. Little, 4 Ired. R. 134; Logan v. Thrift, 20 Ohio St. R. 62.
^ Let us now apply this rule, which must be taken as fairly settled, to the case before us. The devise is by the grand-father to his daughter “ Eliza .Ann Genther and her children * * * to and for her and their sole and separate use and benefit, and not to be subject to or liable in any way whatsoever for the debts of her husband Henry D. Genther.”
It is clear that under this clause there is a plain and distinct intention to exclude the marital rights of the husband of his daughter Eliza Ann Genther. But is there no doubt of his intention to exclude the future husbands of his grand-daughters, none of whom were married, and two of whom were infants of very tender years ? The true construction is, in my opinion, quite the other way. The testator is providing for his daughter and his grand-children, some of whom are males and some females. He devises hi9 property to this family, males and females, “ to their sole and separate use, and not to be subject to or liable in any way whatever for the debts of Henry D. Genther; the husband of his daughter, and the head of that family. It was against his (Genther’s) debts and liabilities that he was seeking to protect the property, and secure it for the use of his daughter and grand-children. There is no allusion made to the marriage of his grand-daughter, nor is there anything to showthatthe testator had present to his mind the right which their future husbands would obtain in their property. There are certainly in this devise no words of exclusion as to the future husbands of his grandchildren, while the rights of the husband *255 of his daughter, Henry D. Genther, are excluded in ex- . press terms. This shows that the mind of the testator was directed to the exclusion of the marital rights of his daughter’s husband, but that no such intention was manifested towards the future husbands of his granddaughters.
This view, as to the intention of the testator, is strengthened and confirmed by the fact that, in the third clause ■of his will, in which he made a special devise of a house •and lot in the town of Fredericksburg to the only one of his grand-daughters (Sarah Rollow, now Mrs. Wroten,) who had then attained the marriageable age, he does mot exclude the marital rights of any future husband she might have, by giving her a separate estate in that property.
To say the least of it, and under the established rule it is sufficient to say this, that, looking to the whole will, there does not appear a clear intention and decided purpose ■on the part of the testator to exclude the marital rights •of the future husbands of his grand-daughters.
In the absence of such clear intention and decided purpose, the marital rights of the husband are not excluded and must attach.
We are therefore of opinion that the decree of the ■Circuit court of Spotsylvania must be reversed.
Degree reversed.