# Staunton.

## Fink, Brother & Co. v. Denny and als.

### Absent, *Moncure*, P.

| 75 | 663 |
| 88 | 751 |
| 75 | 663 |
| 91 | 463 |
| 75 | 663 |
| 93 | 345 |
| 75 | 663 |
| 94 | 742 |
| 75 | 663 |
| 98 | 478 |
| 75 | 663 |
| 99 | 593 |
| 75 | 663 |
| 103 | 553 |
| 75 | 663 |
| 105 | 492 |

1. A suit to set aside several deeds on the ground of alleged fraud and to subject the lands thereby conveyed to the debt of the complainants, is not in the category of "controversies concerning the title or boundaries of land," within the meaning of the constitution of the State (Art. 6, § 2).

2. In such a case it is the debt which is the matter in controversy, and, as a general rule, it is the amount claimed by the complainant in the court below which determines the jurisdiction of this court, when he is the appellant.

3. In this case the amount claimed by the appellants in their bill is much less than five hundred dollars, and if this were their only claim, the appeal would be dismissed, as a matter of course. But in the progress of the cause another creditor came in by petition, alleging his claim against the common debtor, and praying that it might be allowed and payment enforced against the same property pursued by the complainants, who afterwards took a *bona fide* assignment of said claim for value and without recourse, which added to the debt of the complainants made a sum exceeding the amount required for jurisdiction. HELD : That the two debts together constituted "the matter," and the aggregate "the amount" in controversy; and the fact that the assignment was made pending the suit does not make the case different from what it would have been if the assignment had been made before the bill was filed. This court has jurisdiction in either case.

4. Every post nuptial settlement, when the settler is indebted, is, as against his creditors, fraudulent and void; and every settlement will be taken to be voluntary unless those claiming under it can show that it was made for valuable consideration. In such a case, when the bill charges that a deed was voluntary and fraudulent, the answer of husband and wife, denying the fraud and setting up the defence of valuable consideration, is not evidence for the respondents, but the defence must be established by proof.

On the 14th of June, 1875, Joseph S. Denny and Sarah A., his wife, conveyed to Charles W. Denny all the interest of the said J. S. Denny in a certain tract of land lying in Clarke county, said interest being about 163 acres, in consideration that the said C. W. Denny would pay a debt due by the said J. S. Denny to Lucy Hardy, amounting to about $1,000, and for the further consideration of $2,000 paid in money by the said C. W. Denny to J. S. Denny.

On the 26th of June, 1877, the said J. S. Denny and wife executed a deed, which, after reciting that J. S. Denny wished to secure to his said wife for her separate use a house and lot in Winchester, but without in any way impairing the claims of existing creditors, whether having liens on real estate or otherwise, and that certain liens thereon were held by the Winchester Building Association, went on to convey to Henry Kinzle the house and lot aforesaid in trust for the separate use of Sarah A. Denny, subject to the payment of said liens, for which the grantor had executed three bonds of $888.10 each, payable with interest at one, two and three years from June 26th, 1877. It was provided by said deed that if default were made in the payment of any of said bonds, the property should be sold and the residue of the proceeds, after paying what was then due, should be held for the separate use of Mrs. Denny, and that a release should be executed by the Building Association.

After the execution of the foregoing conveyances, Fink, Bro. & Co. filed their bill in the circuit court of Frederick county against J. S. Denny and wife and others, alleging that in 1874 the plaintiffs were wholesale merchants, and that J. S. Denny was also a merchant in Winchester, and was indebted to the plaintiffs on the 15th of April, 1874, in the sum of $366.26 for goods and merchandise; that on the 15th of January, 1876, he paid $100, and on the 24th of August, 1874, $60 of said debt, but had never paid the resi-

due; that Denny owned a tract of land in Clarke county containing about 163 acres and a house and lot in Winchester; that the aforesaid deed to C. W. Denny and Henry Kinzle, except as to the debts due to Mrs. Hardy and the Winchester Building Association, were null and void, being without valuable consideration and intended to delay, hinder and defraud creditors; that Denny owned no other property of any kind, and that the rents and profits would not pay off the liens in five years; and the prayer was that the property might be sold to satisfy the debts, etc.

J. S. Denny and wife demurred to the bill, and also filed an answer denying the justice and accuracy of the plaintiff's account and claiming further credits thereon. They also insisted that the two deeds aforesaid were founded on valuable consideration; that the deed of June 14th, 1875, relinquished the dower right of the wife in valuable real estate to secure a debt due by the husband to Mrs. Hardy, and for the primary consideration named in said deed, and that the relinquishment was made in consideration of the purpose and promise of the husband to secure the wife therefor on his remaining real estate in the city of Winchester, both for said relinquishment and for money and property of her separate estate lent to him and amounting to $800. Depositions were taken, but they did not establish the defence set up by the respondents Denny and wife. Charles L. Crum, administrator of John H. Crum, deceased, filed a petition in the cause alleging that he held a bond of J. S. Denny for $495, then owned by the estate of his decedent, the balance due thereon being $266.03 with interest on $223.74, part thereof, from December 30, 1875, and praying that said debt might be allowed and paid out of the proceeds of the property. The date of the petition does not appear, but the assignment of this claim was made by Crum's administrator to the plaintiffs on the 4th of June, 1880.

The cause coming on to be heard on the 18th of June, 1880, the court decreed that, as to the debts of Fink, Bro. & Co. in their own right and as assignees of Crum's administrator, the deed executed by J. S. Denny and wife to Henry Kinzle, trustee, for the benefit of Sarah A. Denny, was upon a consideration deemed valuable in law, and that the deed could not be set aside or avoided; and from this decree an appeal was obtained.

*Barton* and *Boyd*, for appellants.

Burks, J., delivered the opinion of the court.

A doubt intimated by some of the judges on first looking into the record, whether this court has jurisdiction of the present appeal, caused us to examine the question, and the examination has satisfied us that we have jurisdiction.

Though the bill was filed to set aside several deeds on the ground of alleged fraud, and subject the lands thereby conveyed to the debt of the complainants, the suit is not in the category of "controversies concerning the title or boundaries of land" within the meaning of the Constitution of the State (Art. 6, § 2).

In *Umbarger and Wife* v. *Watts and others*, 25 Gratt. 167, the bill was filed to enforce a judgment against land, and the defendants in their answer claimed title under alienation before the judgment was obtained, and yet it was held by this court that this was not a "controversy concerning the the title or boundaries of land" in the sense in which the phrase is used in the constitution. The unanimous decision of this court in *Pope* v. *Hale* (not reported), at Richmond last winter, was to the same effect.

In such a case, it is the debt which is the matter in controversy, and, as a general rule, it is the amount claimed by the complainant in the court below, which determines

Fink, Brother & Co. v. Denny and als.

the jurisdiction here, when he is the appellant. *Harman* v. *City of Lynchburg*, 33 Gratt. 37, and cases there cited.

The amount of the debt claimed by the appellants in their bill is much less than five hundred dollars. If this were their only claim, the appeal would be dismissed as matter of course. But in the progress of the cause, Crum's administrator filed his petition, asserting a debt against the defendant Joseph S. Denny, and praying that it might be allowed and payment enforced against the same property pursued by the complainants. It appears by the record that this debt was afterwards assigned to the appellants for value and without recourse, and is recognized by the decree appealed from as owing to the appellants as assignees. This, added to the debt of the appellants claimed in the bill, makes a sum exceeding the amount required to give this court jurisdiction. But for the assignment, each creditor having a separate and distinct demand less in amount than $500, neither could have appealed separately, nor, under the decision in *Umbarger and Wife* v. *Watts and others*, could they have united their claims so as to give the court jurisdiction as to both or either. We think, however, the assignment makes the case different. If the appellants had acquired the debt from Crum's administrator before they filed their bill and asserted their claim to it in the bill, together with the debt due them in their own right, there could be no doubt, we apprehend, that the two debts together would have constituted "the matter" and the aggregate "the amount" in controversy. We do not think the circumstance that the assignment was made after the bill was filed, but before the decree, alters the case. This is on the assumption that the assignment was *bona fide*. If it was merely colorable in order to give the court jurisdiction, and that was made to appear, jurisdiction would be declined: for jurisdiction can no more be conferred than it can be taken away by improper devices of parties. *Hansbrough and Wife* v. *Stinnett*, 22 Gratt. 593.

The assignment purports on its face to be "for value received," seems never to have been questioned, was recognized by the commissioner in his report and by the court in its decree, and, though made only two weeks before the decree, we are bound to presume, in the absence of proof to the contrary, that it was made in good faith. *Thompson* v. *Buller*, 95 U. S. (5 Otto), 694.

As to the merits of the case. It is difficult to perceive how the circuit court could, upon this record, have reached the conclusion stated in its decree, that the deed of June 26, 1877, for the benefit of Mrs. Denny, was upon a consideration deemed valuable in law, and that, as to the debts of the complainants, it was valid and could not be set aside or avoided.

The bill charges that the deed was voluntary and made with intent to hinder, delay, and defraud the complainants and other creditors. The joint answer of Denny and wife set up a good defence, if the averments had been sustained by the requisite proof. But there is absolutely no proof. The answer is not evidence of the statements it contains, as against the complainants. It is not responsive, but sets up affirmative matter by way of avoidance. The bill is just such a bill as was filed in *Blow* v. *Maynard*, 2 Leigh, 30, and the answer is similar to the answer of the wife (Mrs. Lawrence) in that case, so far as the relinquishment of the wife's interest was relied on as the consideration for the settlement under an alleged agreement between the husband and wife. The answer was not regarded as evidence for the respondent. In his opinion, Judge Carr said, "every post-nuptial settlement, where the settler is indebted, is as against his creditors, fraudulent and void; and every settlement will be taken to be voluntary, unless those claiming under it can show that it was made for valuable consideration. The charge of fraud in the deed, made by the creditor here, is the common charge which every credi-

tor would make under such circumstances; and there is no discovery sought of Mrs. Lawrence by way of evidence as to the deed. If, under such circumstances, that defendant, charged with fraud in accepting and holding under a voluntary deed, could, by her own answer, supply proof of a contract, and the execution of it, by which she establishes a valuable consideration for the deed, then in truth it may be said that, to require proof of a consideration at all is a mere farce, and the statute of frauds (calling for a written contract) a dead letter. But there is no such law; the defendant, who, in his answer, sets up a contract by way of defence, must establish it by legal and disinterested evidence."

The deposition of the husband, if it could be read, proves nothing to the point. But it is excepted to and is clearly illegal evidence. *William and Mary College* v. *Powell and others,* 12 Gratt. 372, 382, 383.

The deeds furnish no evidence of the alleged consideration. If the deed of June 14th, 1875, in which Mrs. Denny relinquished her dower right in the land thereby conveyed had contained a recital of an agreement of her husband to settle other property to her use in consideration of such relinquishment, then the deed of settlement subsequently made would be presumed to have been in fulfilment of that agreement. A like presumption would arise if the deeds had been contemporaneous or about the same time, so as to constitute one transaction, or if the relinquishment and settlement were by the same instrument, or if the deed of settlement had been first made purporting on its face to be in consideration of her relinquishment in the other deed, and such deed of relinquishment had followed the settlement. But where the relinquishment of the wife's interest has been first made by deed containing no recital of an agreement to make a settlement in consideration thereof, and a subsequent settlement, made two years afterwards, as

in this case, is sought to be set up, there must be be distinct proof of the previous agreement. *William and Mary College* v. *Powell and others, supra; Blow* v. *Mayard, supra; Price* v. *Thrash,* 30 Gratt. 515; *Campbell* v. *Bowles, Id.* 652.

It is argued by Mrs. Denny's counsel that her relinquishment by the deed of settlement, in behalf of the creditors therein secured, of her interest in the property conveyed by that deed, is a valuable consideration, to the extent of the interest parted with by her, for the settlement under that deed, and that such consideration will be implied.

The plain answer to this argument is, that no such consideration, but, on the contrary, another and a distinct one, is set up in her answer. She there says that the relinquishment of her interest in the land conveyed to her son two years previous to the settlement, and the sum of eight hundred dollars, her separate property, lent by her to her husband, constituted the consideration for the settlement. The implication which might perhaps otherwise be raised in her behalf is repelled by the express claim in her answer, on the principle *expressum facit cessare tacitum.*

The decree of the circuit court is plainly erroneous, and must be reversed, and the cause remanded with directions to subject the property conveyed by the deed of June 26, 1877, to the payment first of the debts secured thereby and then of the debts of the complainants.

DECREE REVERSED AND CAUSE REMANDED.