# 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## RIXEY'S ADM'R V. DEITRICK.

### May 17th, 1888.

### Absent, *Richardson*, J.

1. FRAUDULENT CONVEYANCES—*Wife—Children.*—Personal property was .
   bequeathed to a married woman and her children. Husband sold the
   property and used the proceeds. Afterwards he conveyed his land in
   trust for his wife and children.

HELD:
> The property was bequeathed to the wife and her children jointly.
> He became invested with her interest *jure mariti*, so that, as to
> her, his conveyance was voluntary. But as to the children, the
> conveyance was based on a valuable consideration, and must
> stand as a security to them.

2. IDEM—*Suits to annul—Creditors' rights.*—In creditors' suit to reach
   debtor's property, conveyed by him in trust for his wife and children,
   where the deed is on valuable consideration *quoad* the children only,
   the land should be decreed to be sold after the widow's dower in it has
   been assigned, and the proceeds applied, first, to pay the children's
   claims, and, secondly, to satisfy the debts.

3. IDEM—*Principal and surety.*—In such suit where the conveyance is as
   aforesaid, a creditor holding the grantor as surety on a note must apply
   thereto any available property of the principal, he being a party defen-
   dant, in relief of the land conveyed, so far as it can be done without too
   much delay.

4. IDEM—*Post-nuptial settlements—Burden of proof.*—It is well settled that
   a post-nuptial settlement is presumed to be voluntary and void, and to
   be upheld when assailed by creditors, must be supported by proof
   independent of the answers of those claiming under the settlement.

Appeal from decree of circuit court of Culpeper county, en-
tered July 2d, 1887, in the chancery cause of Louis F. Deitrick

against Thomas R. Rixey, Ellen L., his wife, and Thomas P. Rixey, and others, his children. The object of the suit was to annul, as voluntary and fraudulent, a trust deed executed by Thomas R. Rixey to Thomas P. Rixey, trustee, conveying land in trust for the grantor's wife and children, and to subject the same to pay his creditors' demands. Deitrick's claim was against Thomas R. as surety on the note of Thomas P. Rixey. Pierce Perry, the father of Mrs. Rixey, dying in 1856, by his will gave to her and her children certain slaves and other property, but not for her separate use. Her husband sold the property previous to 1862, and on January 6th, 1874, made the trust deed which was assailed as fraudulent. The circuit court decreed the deed void as to the plaintiffs, directed an account of debts, the value of the land, and an account of any property of Thomas P. Rixey liable to the debt on which he was principal. From this decree the defendants appealed.

*J. C. Gibson,* and *J. F. Rixey,* for the appellants.

*G. D. Gray,* and *J. G. Field,* for the appellees.

LEWIS, P., delivered the opinion of the court.

The conclusions we have reached in this case, briefly stated, are these:

1. That the slaves mentioned in the eighth clause of the will of Pierce Perry, deceased, were bequeathed, not to Mrs. Ellen L. Rixey solely as her separate estate, but to her and her children jointly. There is nothing in the will manifesting an intention to create a separate estate in her; and the cases uniformly hold that to create a separate estate in the wife, and to exclude the husband, the intention must be clearly and unequivocally expressed, though no particular form of words is necessary. *Massey* v. *Parker,* 2 M. & K. 174; *Buck* v. *Wroten,* 24 Gratt. 250; 1 Min. Inst. 317, and cases cited. Hence, the case is not within

the principle decided in *Penn* v. *Whitehead*, 17 Gratt. 503, and in *Mauzy* v. *Mauzy*, 79 Va. 537, and in that class of cases to which counsel have referred, as in those cases the intention to create a separate estate in the wife was apparent, and the mention of the children was therefore merely indicative of the motive for the conveyance to her sole and separate use. Consequently, upon the death of the testator, the interest of Mrs. Rixey in the slaves vested absolutely in her husband, Thomas R. Rixey, by virtue of his marital rights under the law as it then was. And the same remark applies to the horse and other personalty given by the said Pierce Perry to his daughter, Mrs. Rixey, at or soon after her marriage, in 1847.

The contention of the appellees that the slaves were *loaned* by the testator in his life-time to the said Thomas R. Rixey, and that possession remained with the latter sufficiently long to confer upon him, under the statute, an absolute title to the slaves, is unsupported by proof. The evidence repels the idea of a loan. On the contrary, it shows a hiring of the slaves, and that bonds for the hires were taken annually. Whether or not payment of the bonds was demanded does not, under the circumstances disclosed by the record, affect the case. The hiring is shown to have been actual and not merely colorable.

2. That Thomas R. Rixey having sold the said slaves, after the testator's death, and received the proceeds, became liable for the amount so received to the children of Mrs. Rixey, less his interest therein, derived as aforesaid, and, therefore, that to the extent of his said indebtedness, the deed of the 6th of January, 1874, was founded upon valuable consideration, but no further. There is no proof that a part of the consideration for the deed was the previous relinquishment by Mrs. Rixey of her right of dower in other lands of her husband, or that there was any other consideration for the deed than that above mentioned; and it is hardly necessary to say that it was incumbent on those alleging the fact to establish it, and that the answer of Mrs. Rixey (no discovery being sought) is not evidence for that pur-

pose. That a post-nuptial settlement, where the settler is indebted, is presumed to be voluntary and void, and to be upheld, when assailed by creditors, must be supported by proof, independent of the answers of those claiming under the settlement, is well settled. The decisions of this court upon the point are numerous and familiar. *Blow* v. *Maynard,* 2 Leigh, 30; *Fink, Bro. & Co.,* v. *Denny,* 75 Va. 663; *Hatcher* v. *Crews,* 78 Id. 460; *Perry and wife* v. *Ruby,* 81 Id. 317; *Beecher* v. *Wilson,* 84 Va. 813.

3. That the deed in question is not fraudulent in fact, and, therefore, although invalid as against the claims of the appellees, so far as the life estates reserved therein are concerned, yet it will be permitted to stand as security for the sums due by the grantor, Thomas R. Rixey, to the children of Mrs. Rixey on account of the sales of the slaves aforesaid, less the sums advanced, if any, to them respectively by the said Thomas R. Rixey in his life-time, as to which an account must be taken by a master commissioner. This is the constant practice of courts of equity in similar cases, and, as was said by Judge Staples, speaking for the court in *Henderson* v. *Hunton,* 26 Gratt. 926, the doctrine is both just and reasonable. It was also said in the same case that even where there is a fraudulent intent on the part of the grantor in a deed founded upon valuable consideration, and such intent is unknown to the grantee, the latter is not chargeable with a want of good faith, since no rule is better settled than that both parties must concur in the fraudulent intent to render the deed absolutely void.

An analogous principle was announced by Tucker, P., in *Skipwith's Ex'or* v. *Cunningham,* 8 Leigh, 271, who said that where a deed is made for the security of various creditors, whose claims are distinct, and some of which are good and others not, the security shall not be avoided as to those creditors whose claims are valid, provided they have acted *bona fide.* If it were otherwise, he said, then a deed to secure ninety-nine just debts might be avoided by the fact that the hundredth was not valid.

In the present case the *bona fides* of the children of Mrs. Rixey, whose claims are secured in the deed, is not questioned, and there is nothing upon the face of the deed which gives rise to such a presumption of fraud as to render the deed void *ab initio.* See *Dance* v. *Seaman,* 11 Gratt. 778; *Sipe* v. *Earman,* 26 Id. 563; *Williams* v. *Lord & Robinson,* 75 Va. 390; 1 Bart. Ch. Pr. 526.

4. That although the deed ought not to be set aside *in toto,* yet, as Chancellor Kent said in *Boyd* v. *Dunlop,* 1 Johns. Ch. 478, "to make it subservient to the equity of the case," a sale of the land, except the maiden land of Mrs. Rixey which was embraced in the deed, ought to be decreed, after the widow's dower has been allotted to her, and the proceeds arising from the sale be applied, first, to the payment of the claims of the children of Mrs. Rixey, secured in the deed, to be ascertained by a commissioner as aforesaid before a sale is decreed, and the surplus, if any, to be applied as the law and the facts of the case require.

The appellee, Deitrick, however, will be required to subject the property of the principal debtor, Thomas P. Rixey, to the satisfaction of the judgment recovered by him, to the exoneration of the estate of the surety, Thomas R. Rixey, if there be any property of the principal debtor liable to the judgment within the jurisdiction of the court, and provided that course can be pursued without too great delay and without prejudice to the rights of the said appellee, the said Thomas P. Rixey being before the court as a party defendant to this suit. *Horton* v. *Bond,* 28 Gratt. 815.

5. We are therefore of opinion to reverse the decree appealed from in so far as it is in conflict with this opinion, and to remand the cause for further proceedings to be had in conformity therewith.

DECREE REVERSED IN PART AND AFFIRMED IN PART.