# Richmond.

MASSEY v. YANCEY & ALS.

MARCH 22d, 1894.

1. HUSBAND AND WIFE—*Postnuptial settlements.*—Such settlements presumed voluntary. Burden of proving valuable consideration on those claiming under them. As against his creditors neither he nor she is competent to testify, nor are his verbal or written declarations admissible in support of the settlements. *De Farges* v. *Ryland*, 87 Va., 404.

2. IDEM—*Transfer of stock—Case at bar.*—As against creditor of husband garnisheeing stock, his assignment to his wife endorsed upon the certificate, and reciting that it is for value received, *held* not a valid transfer thereof in a case where the evidence shows that he had subscribed for it, that it always stood in his name, and the company's books evinced no transfer and no payment of the transfer fee; that payment of monthly dues was always by his checks; that recently before the garnishment he had presided at a meeting of the stockholders and mentioned no assignment or proxy; that she had no separate estate and never laid claim to the stock before filing the interpleader.

Argued at Staunton.   Decided at Richmond.

Error to judgment of the circuit court of Augusta county, rendered at May term, 1892, upon suggestions filed in circuit court of Rockingham county by Edward S. Yancey and wife against John E. Massey and others, John E. King and wife against same, and Joseph N. Massey and wife against same, asserting a liability on the Virginia Land and Loan Company, the Sherwood Land Company, W. L. Fleming, A. C. Braxton, trustee, and H. C. Braxton, trustee, by virtue of the liens of their respective writs of *fieri facias* issued from the clerk's

office of the last-named court on September 8, 1891, on a decree thereof against John E. Massey and Franklin Pence in favor of Fanny Yancey, Emma King, and —— Massey, each, for the sum of $1,023 98½, with interest on $761 32 from July 15, 1866, and $29 79 costs; and upon the interpleader filed in those proceedings by Mrs. Mattie E. Massey, wife of said John E. Massey. The judgment being adverse to said Mrs. Massey, she brought the case here upon error. Opinion states the case.

*Wm. Patrick*, for plaintiff in error.

*A. C. Braxton* and *W. L. Yancey*, for defendant in error.

RICHARDSON, J., delivered the opinion of the court.

For the purposes of this case it is only necessary to state, that the Virginia Land and Loan Company, on the 10th day of October, 1891, filed its answer to the effect that John E. Massey is the subscriber and owner of fifty shares of its capital stock on which he has paid $800, leaving $4,200 still due, according to the terms of its constitution and by-laws, and that the respondent has no other property of the said John E. Massey in its possession or under its control.

On the 11th day of May, 1892, the said John E. Massey filed his answer, sworn to and subscribed by him, stating that the stock in the Virginia Land and Loan Company belonged not to him, but to his wife, Mrs. Mattie E. Massey, who bought and paid for it long before the service of the garnishee, and to whom said company was directed to transfer it, and that it does not now stand on the books of that company in her name, is not the fault of himself or of Mrs. Massey, but of the company.

And on the 16th of May, 1892, Mrs. Massey filed her petition of interpleader as follows: " The petition of Mattie E.

Massey represents that the fifty shares of the stock of the Virginia Land and Loan Company, mentioned in the proceedings, do not belong to the garnishee debtor, but do belong to her, and that she bought and paid for it, and the shares were assigned to her on the 22d day of October, 1890." The following is the certificate (No. 330) with the assignment endorsed:

"This is to certify that John E. Massey has this day subscribed to fifty shares of the capital stock of the Virginia Land and Loan Company, on the terms and conditions set forth in the constitution of said company, transferable only on the book of the company in person or by attorney on surrender of this certificate; and paid to the treasurer of said company one hundred dollars in full of the membership fee and first instalment thereon of one dollar per share, and will be entitled to a certificate for said stock when fully paid for according to the constitution." Across the face of which paper there was in print the following words and figures: "Shares $100, each." On the back of the paper were the following words and figures: "For value received, I assign the within to Mrs. Mattie E. Massey.

[Signed.]                         "JOHN E. MASSEY."

The proceedings in these causes having been commenced in the circuit court of Rockingham county were, for cause, removed to the circuit court of Augusta county, where the judgment complained of was rendered.

At the trial the plaintiffs demurred to the evidence introduced by the interpleader, Mrs. Mattie E. Massey, who joined in the demurrer.

The substance of the evidence in the demurrer is this: W. H. Koble, trustee of said John E. Massey's first wife, testified that in the latter part of August, or the first part of September, 1890, at the request of said Massey, he called on Mr. Fifer, clerk of the Virginia Land and Loan Company, in Staunton, and told him that Mr. Massey had requested him to

call and have the stock then standing in his name on the company's books transferred to his wife, the interpleader, and to show his authority, he read to Fifer a letter from Mr. Massey, which had been destroyed, and that no one had spoken to or communicated with witness on the subject prior to the service of the garnishee on the company. Counsel for the interpleader also showed to the witness the paper heretofore mentioned, purporting to be the certificate (No. 330) of stock given to Mr. Massey by the company, dated May 5, 1890, with the endorsement thereon of the assignment to Mrs. Mattie E. Massey by Mr. Massey, and was asked by the said counsel in whose handwriting the endorsement of assignment was. To this question and the answer, which was that it was in the handwriting of said John E. Massey, the counsel for the defendants in error objected, but the court overruled the objection, and they excepted to the ruling of the court. Thereupon the said certificate, with the endorsements thereon, were read to the jury as evidence for the interpleader; and she rested her case.

The defendants below introduced Fifer, who testified that he was the book-keeper from the latter part of May, 1890, and the secretary and treasurer of the company from either January or July, 1891, and that there was standing on the books, at the time of his testifying, fifty shares of its capital stock in the name of John E. Massey, who subscribed for the same, and that so far as the books and receipts of the company show, and as the witness knew, said John E. Massey was still the owner of the said shares of stock. The witness then produced a paper which he said was the original subscription of John E. Massey to the stock, in the words and figures following, to wit:

"No agent has authority to vary terms of this subscription, or collect money. Make all checks payable to W. L. Waters, Jr., treasurer."

"I, John E. Massey, of P. O. Richmond city and State of

Virginia, do hereby subscribe to fifty shares of the capital stock of the Virginia Land and Loan Company, of Staunton, Virginia, on the terms and conditions set forth in the constitution of said company, receipt of a copy of which I do hereby acknowledge, and I hereby recognize and abide by all of the provisions of said constitution, or any legal amendment thereof, and the same is hereby made the basis and a part of this contract between me and said company this 30th day of April, 1890.

[Signed]                                        JOHN E. MASSEY,
                                                        *Subscriber.*"

Across the face of this paper was stamped in pink ink and large letters the following words: "See notice on back made part of this contract." The notice, however, is omitted, as it can have no bearing on any question raised in this case.

The witness also stated that the stock subscribed for was the same stock for which certificate No. 330, hereinbefore set forth, was issued; and that from the date of said subscription up to the time of the service upon the company of the garnishees, to wit: September 10, 1891, the stock stood upon the company's books in the name of the said John E. Massey, and that the monthly instalments falling due thereon, amounting to $50 per month, were regularly paid by checks of said John E. Massey; that witness had no recollection whatever of Mr. Koble having spoken to him of the transfer of the stock to Mrs. Massey until after September 10, 1891; that he could not have transferred said stock on the request of Koble, because the terms and conditions provided for by the by-laws of the company for the transfer of same had not been complied with. The witness thereupon produced a copy of said by-laws and read therefrom the following:

"Section 5. Assignment of stock.—Stock in this company, on which all fines and other charges have been fully paid, may be transferred by the owner thereof to any other person com-

petent to hold stock in this company, upon the payment to the company of 25 cents per share, and the transferee shall be entitled to the same privileges and subject to the same liabilities as the original owner. No stock shall be transferred on the company's books except as above provided. The person in whose name the stock stands on the company's books shall be deemed the owner thereof as regards the company."

The witness testified that the 25 cents fee had never been paid by Mrs. Massey nor by any one else, and that the original certificate of stock had never been returned to the company; that the payments had all been made by Mr. Massey's checks, and the receipts made off in his name and sent to him; that a meeting of the stockholders of the company was held on the 12th of August, 1891, notice whereof was mailed to Mr. Massey as one of the stockholders; that the fifty shares were all the stock ever owned by him in the company; that he appeared at the meeting as such stockholder, said nothing at that time about having assigned the stock, or that he held a proxy therefor; that in October, 1891, he called at the company's office and asked witness to show him his stock account, which he did; that Mr. Massey examined it, stated to witness that he wished the stock put in his (Massey's) wife's name; that witness declined to do so, explaining that the company had been garnisheed for the stock; that Mr. Massey remarked that it ought to have been in his wife's name before that, but did not ask why it had not been transferred to her, nor express surprise that it had not been done; that witness advised that Mr. Massey should put in a withdrawal notice for the stock so as to prevent fines being charged up against it, and that on that Mr. Massey gave notice to withdraw the stock. The witness further said that after he explained why the stock could not then be transferred on the company's books to Mrs. Massey, he (Mr. Massey) said nothing more about it; that Mrs. Massey never had claimed the stock, so far as witness know, from the company or any of its officers, either verbally or in writing.

The witness then produced the minutes of the stockholders' meeting of August 12, 1891, which showed that on motion of Mr. Braxton, the said John E. Massey was elected chairman of the meeting. Other witnesses testified that Mr. Massey was present at said meeting and presided over it, and that nothing was said about his being proxy for any one else. This was all of the evidence.

The circuit court, on the 8th day of June, 1892, decided in favor of the demurrants, and ordered that the sheriff should receive from the Virginia Land and Loan Company the said fifty shares and sell the same, and out of the proceeds pay the costs of the garnishee proceedings, and the costs of the sale, and distribute the residue equally between the plaintiffs aforesaid. To this order the interpleader, Mrs. Massey, by her attorney, excepted, and the case is here on a writ of error and *supersedeas*.

Upon mature consideration, and after giving the plaintiff in error the full benefit of the rule of decision pertaining to demurrers to evidence, we are of opinion that the judgment complained of is without any error prejudicial to the plaintiff in error.

It is settled law in this State, that all postnuptial settlements are presumed to be voluntary, and that the burden of proving they were made upon valuable consideration, is upon those claiming under them; that recitals in such settlements are evidence against persons claiming under the settler, but not against creditors of the settler contesting the validity of the settlement; and that when husband and wife are both parties to the suit and interested in the result, neither is competent to testify in the case. *Blow* v. *Maynard*, 2 Leigh, 29; *Perry* v. *Ruby*, 81 Va., 317; *DeFarges* v. *Ryland*, 87 Va., 404.

And if a husband is incompetent to testify in behalf of his wife, it is clear that neither his verbal nor his written declarations can be plead in her behalf in a litigation between her and his creditors. To hold otherwise would be the absurdity

of holding that it is allowable for a man to do indirectly, and without the sanction of an oath, what he is not allowed to do directly with the sanction of an oath.

But in the present case the assignment from the husband to his wife was not a post-nuptial settlement, but a bargain and sale for value received, from him to her, as under chapter 103, Code 1887, she had the same power to contract, with reference to her separate estate, as if sole.

If this be true, would there not be the same lack of proof of the assignment and of a valuable consideration? There is, however, no evidence in the record even tending to show that Mrs. Massey possessed any separate estate; and is it not true that the statute conferring on married women the capacity to contract extends only to such of them as possess separate estate? But we do not mean to decide the question last suggested, as its decision is not necessary to a proper decision of the case in hand.

For the plaintiff in error it is contended that the said certificate of stock passed to her by delivery, and that possession thereof is *prima facie* evidence of delivery to and ownership in the possessor, it appearing that the certificate of stock was in the possession of her counsel and by whom it was presented to the circuit court. We have not the least hesitation in holding that, under the peculiar circumstances of the case, which are portrayed by the evidence in the record, the fact that the certificate of stock was in the possession of the interpleader, or in the possession of her counsel, and was by her or her counsel presented to the trial court, possesses not the slightest weight or tendency towards indicating that there had been a *bona fide* assignment of said certificate by the garnishee debtor, Mr. Massey, to his wife, the interpleader, for a valuable consideration anterior to the service of the garnishee summons. The relations subsisting between the parties to the alleged assignment, the stock standing on the books in the name of Mr. Massey, his representation thereof in the meeting of the stock-

holders as though he was still the owner, and the rules of the company regulating and restricting the transfer of stock, with which he was well acquainted, and other significant facts, all combine in destroying every vestige of solid ground upon which to found a presumption of ownership in the interpleader that, under different circumstances, might possibly arise from the possession of the certificate. For these reasons we are of opinion that the judgment complained of is clearly without error, and that the same must be affirmed.

LEWIS, P., and FAUNTLEROY, J., dissented.

JUDGMENT AFFIRMED.