**Wytheville.**

FLYNN & ROYALTY v. JACKSON BROS. & OTHERS.

JULY 9, 1896.

Absent, Harrison, J.

93  341
94  718

93  341
97  566

93  341
98   13

93  341
99  179

93  341
101  707

93  341
103   83

1. APPEALS—*Appeals by Several Defendants and Dismissal by One—Motion under sec. 3451 and sec. 3452 of Code.*—When several defendants appeal, and the appeal of one of them brings up a particular question, it is immaterial whether the other defendants are interested in that question of appeal or not. Being a matter of no practical importance, this court will not consider a motion to dismiss the appeal of the other defendants on the ground that the decree against them was on a bill taken for confessed, and that their proper remedy was by motion under sections 3451 and 3452 of the Code.

2. CHANCERY PLEADING—*Want of Summons on Petition—Objection for First Time in Appellate Court.*—Objection cannot be made for the first time in the appellate court that no summons was awarded against the defendant on a petition filed in the lower court, in a suit brought by another creditor to set aside a fraudulent deed made by his debtor, when it appears that, after the petition was filed, an account of liens was ordered and taken, of which the defendant had due notice, and the debt of the petitioner was reported, and no exception was filed to the report for the want of notice or summons on the petition.

3. POST-NUPTIAL SETTLEMENT—*Presumed to be Voluntary—Burden of Proof.*—Every post-nuptial settlement by a husband who is indebted is presumed to be voluntary as to his then existing creditors, and therefore fraudulent and void as to them, unless those claiming under it can show that it was made for a valuable consideration. The burden of proof is on those claiming under the settlement.

4. POST-NUPTIAL SETTLEMENT—*Recitals in Deed not Evidence against Creditors—Answers of Husband and Wife not Evidence in their Favor.*—The recitals in a deed of settlement as to the consideration, though admissible against a person claiming under the husband are not evi-

dence against creditors who assail the validity and fairness of the deed. Nor are the answers of the husband and wife evidence in their favor in a suit by creditors attacking the deed, where no discovery is called for.

5. HUSBAND AND WIFE—*Receipt of Wife's Money by Husband—Gift.*—If a husband collects and receives his wife's money, and uses it as his own, with her knowledge and consent, without any promise of re-payment, the law does not imply a promise of repayment, but pre-sumes it was a gift by her to him. No subsequent agreement be-tween the husband and wife, to the prejudice of his creditors, can make that a debt which was originally a gift; nor will a conveyance by the husband to his wife in consideration thereof be valid as against existing creditors of the husband.

6. POST-NUPTIAL SETTLEMENT—*Relinquishment by wife—Charging her es-tate with his debts.*—Although a post-nuptial settlement may have been made under such circumstances as to be void as to creditors of the husband, yet if the wife relinquishes her interest in property, or assumes the payment of debts of her husband so as to make them charges on her separate estate, upon the faith of such settlement, it will be held good to the extent of a just compensation for the inter-est which she may have parted with, or of the debts which she has assumed to pay.

Appeal from a decree of the Circuit Court of Roanoke county pronounced April 8, 1893, in a suit in chancery, wherein the appellees were the complainants, and the appel-lants and others were the defendants.

*Reversed.*

The opinion states the case.

*A. B. Pugh,* for the appellant.

*G. W. & L. C. Hansbrough* and *J. S. Baer,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The object of this suit was to set aside a deed made by a husband to his wife, conveying to her a house and lot and cer-tain personal property, upon the ground that it was made without valuable consideration, and for the purpose of hin-

dering, delaying, and defrauding his creditors, and to sub-- ject the property conveyed to the payment of the debts of the husband.

After the suit was brought, other creditors of the husband filed their petitions in the cause, setting up their debts against the husband, charging that the conveyance was made without consideration, and for the purpose of hindering, delaying, and defrauding creditors, asking to be made parties plaintiff in the suit, and praying to have the conveyance set aside, and the property subjected to the payment of their debts.

They did not ask for process against the defendants named in the bill, and so far as the record shows none was issued.

At the April term, 1892, of the court, the defendants having failed to answer the bill, which they had been properly summoned to answer, it and the petition were taken for confessed, and a decree was rendered adjudging the conveyance made by the husband to his wife to be fraudulent and void, setting it aside and directing an account to ascertain the liens and their priorities, and the annual rental value of the house and lot.

The commissioner, after giving notice to all the parties, took the account and filed his report on the 12th of May, 1892, in which he reported the amount and priorities of the judgments and debts asserted in the cause, and that the annual rents would not pay the debts reported within five years.

The husband and wife having, at the June term, 1892, filed their separate answers to the bill, the court, at the April term, 1893, set aside its former decree so far as it had adjudicated that the deed from Flynn to his wife, and the deed of trust executed by Mrs. Flynn to secure Royalty's debt, were fraudulent and void, and brought the case on to be heard on the papers formerly read, the answers of Flynn and wife, the report of the commissioner, exceptions thereto,

and depositions of witnesses. Royalty, and Crumpecker, trustee, having failed to answer, the bill and petitions were taken for confessed as to them. The exceptions to the commissioner's report were overruled, the report confirmed, the priority of liens fixed, the conveyance from Flynn to his wife declared fraudulent and void, set aside and annulled, the debt of Royalty secured by the deed of trust postponed until the debts reported against the husband had been satisfied, and a sale of the property directed.

From this decree Mrs. Flynn and Theo. Royalty appealed.

A motion was made to dismiss Royalty's appeal on the ground that, having allowed the bill to be taken for confessed against him, his remedy for any error in the decree to his prejudice was by motion in the court which rendered it, under the provisions of sections 3451 and 3452 of the Code, and that until such motion had been made he had no right of appeal.

Mrs. Flynn claimed that a part of the consideration for the property conveyed to her was her agreement to pay a debt of $525, which her husband owed Royalty, and that this sum, together with $200, subsequently loaned, made up the $725, which was secured by the deed of trust executed by her to Crumpecker, trustee. She was interested in establishing the validity of Royalty's debt, at least to the extent of $525.00 against her husband. Her appeal necessarily brought up that question. It is a matter, therefore, of no consequence whether Royalty appealed or not, and the motion to dismiss his appeal not being of any practical importance will not be considered further.

The trial court held that Mrs. Flynn, whose deposition was taken in the cause, was an incompetent witness, and this is assigned as error in the petition, but the counsel of petitioners in their note of argument very properly conceded that she was not a competent witness and abandoned that assignment of error.

It is also assigned as error that the court rendered a de-

cree upon the petitions filed in the cause, and established
the debts therein set up, without having first summoned the
defendants to answer the same.

It appears as above stated that an account was directed to
ascertain the priority of the claims so asserted, of which the
defendants had full notice, and that upon the coming in of
the commissioner's report the appellant, Mrs. Flynn, filed
exceptions thereto, not on the ground that the debts set up
in the petitions were not due, but that they were not liens
upon the house and lot, because she, and not her husband,
was the lawful owner thereof. No objection having been
made in the lower court because the defendants were not
summoned to answer the petitions, it cannot be made here
for the first time, under the circumstances of this case.

The action of the Circuit Court in declaring that the con-
veyance of Flynn to his wife was without consideration and
void as to his creditors is also assigned as error.

Every post-nuptial settlement, where the husband is in-
debted at the time it is made, is, as against his creditors,
fraudulent and void; and such settlement will be taken as
voluntary unless those claiming under it can show that it
was made for valuable consideration. *Fink Bros. & Co.*, v.
*Denny*, 75 Va. 663, and cases cited; *Hatcher, &c.*, v. *Crews, &c.*,
78 Va. 460; *Perry & Wife* v. *Ruby &c.*, 81 Va. 317; *Massey* v.
*Yancey*, 90 Va. 626.

The conveyance recites, and the answers of Flynn and
wife aver that, at the time of the execution of the deed, the
husband was indebted to the wife in the sum of $2,367 for
rents on her separate estate collected and used by him; for
$800 which she had borrowed and let him have the use of,
and for the payment of which she had given liens on her
separate estate; that these amounts and her undertaking to
pay a debt of $525, which her husband owed to Theo. Roy-
alty aggregating the sum of $3,692.34, constituted the con-
sideration for the property conveyed.

The recitals in the deed as to the consideration, though admissible as against a person claiming under the husband, are not evidence against creditors who have assailed the fairness and validity of the deed. *William & Mary College, &c.,* v. *Powell,* 12 Gratt. 372; *Blow* v. *Maynard,* 2 Leigh 29; *Perry & Wife* v. *Ruby, &c.,* 81 Va. 317; *Massey* v. *Yancey,* 90 Va. 626.

No discovery being called for, the answers were not evidence of the statements they contain against the complainants. *Fink Bros. & Co.* v. *Denny,* 75 Va. 663; *Hatcher* v. *Crews,* 78 Va. 460; *Perry and wife* v. *Ruby, &c,* 81 Va. 317.

The presumption of law being that the conveyance was voluntary, the burden of proof that it was made upon valuable consideration was upon those claiming under it. *Blow* v. *Maynard,* 2 Leigh 30; *Fink Bros. & Co.* v. *Denny,* 75 Va. 663; *Hatcher* v. *Crews,* 78 Va. 460; *Perry and wife* v. *Ruby, &c.,* 81 Va. 317; *Rixey's Admr.* v. *Deitrick,* 85 Va. 42; *Massey* v. *Yancey,* 90 Va. 626.

The evidence does not show that the husband was indebted to the wife, as recited in the deed and averred in the answers. There is evidence tending to show that he collected the rents due her, and received the $800 borrowed by her, but it does not appear that the wife took from or required of him any promise or obligation for its repayment, or raised any account against him. It seems to have been the ordinary case of the husband's collecting and receiving the wife's money, and using it with her knowledge and consent, without any promise for its repayment. As was said by Judge Riely in *Throckmorton* v. *Throckmorton:* "There is nothing in the evidence, in view of their relations as husband and wife, to create the relation of creditor and debtor. Under these circumstances, the law does not imply a promise of repayment, as would be the case if they were strangers, but presumes that the receipt and use of her money, or property, or its proceeds, was a gift of them by her to her husband, and not a loan." 91 Va. 42, 48, and cases cited; *Jacobs* v. *Hester,* 113 Mass. 157, 160–1.

The fact that they, after the husband had become insol-
vent, treated the money so received by him as a loan, and
he undertook to secure its repayment to the wife, does not
change the character of the original transaction, at least as
to his creditors. No subsequent agreement between the
husband and wife can make that a debt which was origi-
nally a gift; nor will a conveyance made by the husband to
the wife in consideration thereof, be valid as against exist-
ing creditors. *Beecher* v. *Wilson, Burns & Co.*, 84 Va. 813;
*Humes* v. *Scruggs*, 94 U. S. 22; *Bennett* v. *Bennett*, 37 West Va.
396.

The evidence, however, does show that the wife assumed
to pay a debt of $525 due by her husband to Theo. Roy-
alty, and that she executed the deed of trust to Crumpecker,
trustee, upon the house and lot to secure its payment. To
that extent the property conveyed to her was upon a con-
sideration deemed valuable in law, and must stand as a se-
curity for that sum. Although a post-nuptial settlement
may have been made under such circumstances that it must
be pronounced fraudulent and void as to the creditors of the
husband, yet if the wife relinquishes her interest in prop-
erty, or assumes the payment of debts due from her husband
so as to make them charges upon her separate estate, upon
the faith of such settlement, it will be held good to the ex-
tent of a just compensation for the interest which she may
have parted with, or of the debts which she has assumed to
pay. *William and Mary College* v. *Powell*, 12 Gratt. 372, 385;
*Rixey* v. *Deitrick*, 85 Va. 42.

The decree of the Circuit Court declaring the deed of set-
tlement of July 7, 1891, void as to the creditors of Flynn is
erroneous to the extent that it failed to provide that the
property conveyed by the husband to the wife should stand
as a security for the debt which she had assumed to pay
Theo. Royalty, and to give it priority over the claims of the
creditors that were not liens upon the property when the

conveyance to her was made, and to that extent the decree must be reversed, but in all other respects affirmed, and the cause remanded to the Circuit Court with directions further to proceed in the same according to the principles hereinbefore declared.

*Reversed.*