# Staunton.

WATTS & ALS. V. HOLLAND.

SEPTEMBER 15th, 1890.

CONTRACTS—*Who may sue on—Case at bar.*—Under written contract between defendants and plaintiffs for sale of lands, the latter paid part of price upon condition the money be refunded if the title, upon examination, proved unsatisfactory. Others, including one defendant, shared the purchase with plaintiff. Title proving unsatisfactory to plaintiff upon examination, he required the sum paid to be refunded. Defendants claimed a reasonable time to make good the title. *Held*, plaintiff was entitled to abandon the purchase upon the title proving unsatisfactory, and to maintain, in his own name, an action for the sum paid, though others might be entitled to share the money with him. *Averett* v. *Lipscombe*, 76 Va., 404.

Argued at Wytheville. Decided at Staunton.

Error to judgment of circuit court of Tazewell county, rendered June 10, 1889, in an action of assumpsit, wherein C. G. Holland was plaintiff, and John G. Watts, J. W. Baker and M. J. Beavers, the plaintiffs in error, were defendants. Opinion states the case.

*F. S. Blair*, *Williams Bros.* and *Chapman & Gillespie*, for the plaintiffs in error.

*Henry & Graham*, for the defendants in error.

LEWIS, P., delivered the opinion of the court.

This controversy arose out of a certain contract in writing, which is as follows:

"This contract, made this, the 14th day of March, 1887, between Jno. G. Watts, J. W. Baker and J. M. Beavers, of the first part, and C. G. Holland, of the second part, witnesseth: that whereas, on the 14th December, 1886, the said Baker and Beavers granted a written option on about ten thousand acres of land, lying mostly in McDowell county, W. Va., for coal interest, and in part in fee simple, to John G. Watts, which was assigned by the said Watts to A. S. Buford, C. G. Holland, J. D. Blair and W. N. Ruffin; and whereas the said J. W. Baker, M. J. Beavers and John G. Watts, having this day extended said option for ninety days, by endorsement on the said option, and the said parties to whom the option is granted being willing to complete the purchase at the option price specified in the option contract if the titles prove satisfactory; and the said Baker, Beavers and Watts desiring a payment on the said land of two thousand dollars, the said C. G. Holland agrees and does pay to the said Baker, Beavers and Watts the sum of two thousand dollars, the receipt of which is hereby acknowledged, and it is expressly agreed that should the titles prove unsatisfactory on examination, the money is to be refunded. It is understood, however, between the parties that if the title to a few of the tracts embraced in the option should prove unsatisfactory and the balance good, it does not vitiate this contract or the payment. In other words, if the granted portion proves to be good in title, and its value is not impaired or destroyed by being severed by tracts where title proves defective, then such as proves satisfactory in title to be taken and the payment made, to be credited to the purchasers in their payment for the land so taken. The said Baker, Beavers and Watts are to receive conveyance, with general warranty, from the persons granting them the options on the said land, and are to convey (if the title proves satisfactory) so much of the said land as may be taken by the said Buford,

Holland, Blair and Ruffin, with covenants of general warranty and relinquishment of dower, to J. Wilcox Brown, trustee and agent, or in the event of his death, then to. any one who may be designated by the said Buford, Holland, Blair and Ruffin.

"If the title to the said land proves satisfactory, then the said Baker, Beavers and Watts are to have the same surveyed by a competent surveyor, and make, execute and deliver proper conveyances for the same, at which time the purchase price of the said land to be paid them in cash, at $2 75 per acre, or on such terms as may be agreed on between the parties.

"J. G. WATTS. [Seal.]

"J. W. BAKER. [Seal.]

"M. J. BEAVERS. [Seal.]"

Pursuant to this contract, as it recites, the plaintiff, the said C. G. Holland, paid to the defendants, Watts, Baker and Beavers, who are the plaintiffs in error here, the sum of two thousand dollars, and, within ninety days after the execution of the contract, acting for himself and his associates, he caused the titles to the lands mentioned in the contract to be examined by an attorney who reported the titles defective; whereupon he demanded that the money so paid be refunded. This being refused by the defendants, the present action was instituted by Holland to recover back the money, and he obtained a verdict and judgment therefor, which is the judgment complained of.

One of the principal grounds of defense relied on by the defendants in the court below, and insisted upon here, is that the action is not maintainable by Holland suing alone, because the money paid was not his individually, but belonged to himself and his associates. In our view of the case, however, it matters not to whom the money belonged, so far as the defendants are concerned, inasmuch as the contract, to which, it will be observed, Holland was the sole party of the second part, and by the terms of which the matter must be determined, bound Holland to pay the money, and provided that it should

be refunded to him in the event the titles, on examination, should prove unsatisfactory. The titles, on examination, did prove unsatisfactory, and the action was, therefore, properly brought in his name; for, although the contract does not expressly provide that the money shall be refunded to Holland in the event just mentioned, yet such, undoubtedly, is the legal effect of it.

As to the merits of the case, it is not disputed that the titles to the greater portion of the lands were defective. Indeed, the defendant Watts, who testified before the jury as a witness for the defendants, admits that they were. He further testified, however, that he felt satisfied he could have perfected them, if reasonable notice and opportunity to do so had been given him. And upon this ground it is insisted—and this is the decisive question in the case—that the plaintiff was not justified in abandoning the contract and demanding that the money be refunded. In other words, the idea seems to be that the question in this connection is, not whether the titles were or were not satisfactory to the plaintiff and his associates, but whether the defendants, within a reasonable time, could have made them good; or, stated differently, the proposition is that a good title, or one that can be made so, *must* be a satisfactory one.

We are of opinion, both on principle and authority, that the circuit court rightly rejected this view. The contract bound the plaintiff and his associates to take the lands only in the event the titles, on examination, proved *satisfactory*, and if, in good faith, they were not satisfied with the titles, after their counsel had examined and reported upon them, they were justified in abandoning the contract. As was said by Judge Burks, speaking for the court, in *Averett* v. *Lipscombe*, 76 Va., 404, "it is immaterial that this court now considers that the vendors were and are able to make good a title. That is not the question. The contract left it to the purchaser to determine for himself the matter of title. If, on examination, he was not

in good faith satisfied with the title, he was not to be bound. The bargain was at an end. His counsel made the examination, and advised against the title; and, acting on that advice, he declined the purchase, and the court below, in the reasons given for its decree, in effect sanctions the advice given."

There was evidence at the trial tending to prove that it was agreed between the parties to the contract, that the defendants should have notice before the examination of the titles was made, and, accordingly, the circuit court, on the motion of the defendants, instructed the jury that, if they should believe, from the evidence, "that it was agreed between the plaintiff and defendants that before the plaintiff, by himself or his agent, should proceed to make the examination of the titles to the lands referred to in the contract sued on, then it was the duty of the plaintiff, or his attorney, before proceeding to make such examination, to give the defendants, or some one of them, reasonable notice thereof."

In point of fact, as the uncontradicted evidence in the case shows, notice was given to Baker, one of the defendants, by the attorney of the plaintiff, before the examination was made, and no objection as to the reasonableness of the notice was made at the time, or at any time before the trial in the court below; nor is there any evidence in the record tending to prove that the plaintiff and his associates were not in good faith dissatisfied with the titles after the report of their counsel that the titles were defective.

In short, we are of opinion, without formally noticing, *seriatim*, the assignments of error in the petition for the writ of error, all of which are substantially embraced in or dependent upon the questions already considered, that the judgment of the circuit court is right, and must be affirmed.

JUDGMENT AFFIRMED.