# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## GISH AND WIFE v. MOOMAW AND OTHERS.

### April 13th, 1893.

1. SALE OF LAND—*Covenants—Construction—Case at bar.*—Vendor covenants that on payment of first instalment of price he will make title in fee to, and, by such conveyances as the grantees, or their counsel, may reasonably require, convey and release such land in possesssion to the grantees, free from incumbrances or demands.
HELD:
    Vendor is required by his covenant to convey the land to vendees by deed with proper covenants of title, but the *grantees' satisfaction* with the title is not necessary as a condition precedent to make the acceptance of the deed obligatory on them.

2. IDEM.—*Averett* v. *Lipscomb*, 76 Va. 404, and *Watts* v. *Holland*, 86 Va. 999, distinguished from case at bar.

Upon a rehearing, allowed on the petition filed by the appellees, including the children of John Coon, Patterson Coon, and Robert Coon, of the decree in this cause rendered September 22d, 1892.

*G. W. & L. C. Hansbrough* and *R. G. H. Kean*, for appellants.

*Penn & Cocke, Moomaw & Woods*, and *Staples & Munford*, for appellees.

RICHARDSON, J., delivered the opinion of the court.

A rehearing of this case having been granted, on the petition of the appellees, the case has again been very fully argued by counsel, and carefully reconsidered by the court.

The main question is as to the construction of the will of W. R. Coon, and upon this point, after further argument and reflection, we are entirely satisfied that the conclusion announced in the opinion delivered on the first hearing is correct. It is, therefore, unnecessary to repeat what was then said. Suffice it to say that we adhere to the conclusion then reached, for the reasons stated in the opinion.

A point, however, not made in the first argument, but which was for the first time suggested in the petition for the rehearing, and subsequently discussed on the rehearing, will be briefly noticed. That point is, that the contract which is sought to be specifically enforced in the present case falls within the influence of the decisions of this court in *Averett* v. *Lipscomb*, 76 Va. 404, and *Watts* v. *Holland*, 86 Va. 999.

A few words will suffice to show that those cases have no analogy whatever to the present case. In each of those cases the purchaser was made the sole arbiter of the question of title, as it was unquestionably competent for the contracting parties to do; and the only question, therefore, was whether the purchaser was in good faith dissatisfied with the title; and, it appearing in each of the cases that he was, the unavoidable conclusion was that the contract was at an end.

In the first-mentioned case the contract was that " if he [the purchaser] was not satisfied with the title, he would not be required to take the lot and comply with the terms of sale"; thus clearly leaving it optional with the purchaser to accept or reject the title without assigning reasons. And in the second case it was expressly agreed that if, upon examination, the title should prove unsatisfactory, the money was to be refunded; thus making the purchaser's satisfaction with the title a condition precedent to any binding contract at all.

But very different is the case in hand. Here there is no condition annexed to the contract, of any sort or description.

It is a plain covenant to convey a fee simple title, and to convey the same by such assurances as the vendees or their counsel shall reasonably require. And this court has held (and, as we still think, correctly) that they have done the one, and the vendees in their answer admit that they have done the other.

The covenant is in these words: " That the parties of the first part shall and will, immediately upon payment of the first of said instalments by the said parties of the second part, or their assigns, make out complete title in fee simple to, and, by such conveyances, assurances, ways and means in law, as the said parties of the second part, their heirs or assigns, or their counsel, learned in the law, shall reasonably advise, devise, or require, convey, release, and assure in possession and enjoyment to the said parties of the second part, and their heirs and assigns forever, free from all manner of incumbrances or demands," &c.

The latter part of the covenant is almost in the very words of section 2451 of the Code of 1887, being the usual form of the covenant for " further assurances" in respect to an *accepted* title. Its meaning, therefore, is, that a deed with proper covenants will be made, conveying the premises in question; and the record shows that such a deed was promptly executed and tendered. It is needless to say more to show that the contention of the appellees, that this case is ruled by *Averett* v. *Lipscomb* and *Watts* v. *Holland,* and similar cases, is altogether untenable. It follows, therefore, that the conclusion reached by this court on the former hearing must be, and is, adhered to in every particular, and that the decree of the court below must be reversed and annulled, and the said contract of sale and purchase be specifically executed.

LACY, J., and HINTON, J., *dissented.*

DECREE REVERSED.