98   177
s99   293

# Richmond.

CARPENTER & CO. v. VIRGINIA-CAROLINA CHEMICAL CO.

MARCH 15, 1900.

Absent, Keith, P., and Riely, J.

1. PRINCIPAL AND AGENT—*Brokers—When the Agent of Both Parties.*—A broker is primarily the agent of the party by whom he is originally employed, and he becomes the agent of the other party only when the bargain or contract is definitely settled as to its terms between the principals, in which case he may act as the agent of both parties in making the memorandum of sale.

2. CONTRACTS—*Silence as to Time of Performance—Repudiation of Contract—Right to Sue.*—If no time be specified in the contract for testing, ordering, or receiving raw material which is to be accepted and ordered, if on testing it prove satisfactory to the purchaser, the law presumes that a reasonable time was meant for that purpose. But if the purchaser cancels the contract before it is incumbent on the seller to deliver the materials, the seller is not required to show that he was ready and offered to deliver it before maintaining an action for the breach of the contract.

3. INSTRUCTIONS—*Evidence to Support.*—In a plain case of a total lack of evidence tending to support an instruction, it should be refused. But where there is such evidence, of however little weight it may appear to be to the court, or however inadequate in its opinion to make out the case supposed, it is best and safest for the court not to refuse to give the instruction asked for, if it propound the law correctly.

4. CONTRACTS—*Conditions—Arbitrary Refusal of Performance.*—In a contract to purchase raw material if, upon testing, it prove satisfactory to the proposed purchaser, the purchaser has not the arbitrary right to declare it unsatisfactory to him, but must act in good faith in making the test. He cannot fraudulently and in bad faith declare that he is not satisfied, when in fact he is.

5. CONTRACT—*Matters of Mere Taste, Convenience, or Preference—Refusal to Accept Work Done.*—In a contract to do work in a manner satisfactory to the person who is to receive it, if the thing to be done is to gratify taste, serve personal convenience, or satisfy the individual preference of such person, he is the sole judge of whether the work is satisfactory to him, and may arbitrarily decline to accept it.

Error to a judgment of the Law and Chancery Court of the city of Norfolk, rendered March 20, 1899, in an action of *assumpsit*, wherein the plaintiffs in error were the plaintiffs, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*G. M. Dillard*, for the plaintiffs in error.

*R. M. Hughes*, for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This is an action by J. E. R. Carpenter and J. H. Carpenter, partners under the style of Carpenter & Co., against the Virginia-Carolina Chemical Company to recover damages for the refusal of the defendant to take 3,000 tons of Tennessee phosphate, spoken of in this record as Tennessee rock, which the plaintiffs claim to have sold the defendant, and which it refused to accept.

The declaration contains four counts, but the case stated therein is substantially as follows:

That the plaintiffs were engaged in the business of buying, mining and selling mineral known as bone phosphate of lime, or Tennessee rock, which is extensively used in the manufacture of fertilizer; that the defendant was engaged in manufacturing and selling fertilizers in Richmond and Norfolk, Va.; that early in the year 1897 the plaintiffs agreed to sell to the defendant 3,000 tons of the said mineral at the price of 6¾ cents per

unit, which means 6¾ cents for each one hundredth part of bone phosphate of lime contained in each long ton of 2,240 pounds weight, which should contain at least 73-100 part of bone phosphate of lime, delivered at the railroad depot in Richmond or Norfolk, within a reasonable time, as the defendant should order the same; and that the defendant, in consideration thereof, agreed to purchase of the plaintiff that quantity of the said mineral, on the terms, etc., aforesaid, provided the defendant could use the same satisfactorily in its business, and it did purchase and use 100 tons, a part thereof, in its business. Yet, although the defendant could use the mineral satisfactorily in its business, and did thereafter, and within the time, purchase of other persons and use the said quantity of the said mineral, the defendant unjustly, unfairly, and dishonestly refused to order or accept the mineral of the plaintiffs, and ordered the same of other persons, and unjustly and unfairly and dishonestly cancelled the contract, and prevented the plaintiffs from fulfilling their part of it.

The main grounds of defence relied on are that no contract was made between the plaintiffs and defendant; that the only transactions between the parties consisted of correspondence by which negotiations were carried on, on the theory that the plaintiffs should ship to the defendant 100 tons of their material, to be tried by the defendant, and that if the same was approved by it, and was satisfactory, the contract for 3,000 tons in all was to be executed; that the 100 tons were shipped, were tried by the defendant, and were not satisfactory in any respect; and that the defendant thereupon refused to execute any contract, as the condition upon which the same was to be executed had not been fulfilled.

The verdict and judgment was for the defendant, and the case is before us upon a writ of error awarded the plaintiffs by one of the judges of this court.

It appears that such negotiations as were had between the

parties were by correspondence between one R. E. DeJarnette, a broker of Norfolk, Va., and S. T. Morgan, president of the defendant company, at Richmond, Va. DeJarnette was introduced as a witness on behalf of the plaintiffs, and, after stating that he represented the plaintiffs in the negotiations with reference to the alleged sale to the defendant company, was asked if he entered such a sale upon a book kept by him in which such transactions were entered, and he answered that he did, but said that the entry was made before he heard from Mr. Morgan at all as to whether he would take the 3,000 tons of Tennessee rock. Whereupon the plaintiffs offered to introduce in evidence the book and entry made by DeJarnette therein, to which the defendant objected, and the objection was sustained by the court. This ruling of the court constitutes plaintiffs' first assignment of error.

Aside from the fact that the witness stated that the entry referred to was made by him before he had heard from Mr. Morgan whether or not he could use the rock, it is not a memorandum containing the terms of the sale, but a mere charge against the plaintiffs for the commission which he thought he had earned. The entry is as follows:

> "1897.
> Jan. 9.          Carpenter & Bro.:
>              3,000 tons Tennessee Rock to V. & C. Co.
>              Com. .......................................... $300."

A broker is primarily the agent of the party by whom he is originally employed, and he becomes the agent of the other party only when the bargain or contract is definitely settled as to its terms between the principals, in which case he may act as the agent of both parties in making the memorandum of sale. 4 Enc. of Law (2d ed.), 966; *Coddington* v. *Goddard*, 16 Gray, 442-44.

That is, however, not the case here. Under the circumstances related by DeJarnette himself he was in no sense the agent of

the defendant company and authorized to make an entry upon his books that could be evidence against the defendant in this suit. Manifestly, therefore, the court below rightly excluded the entry.

The next assignment of error is founded upon plaintiff's third bill of exceptions, which is to the refusal of the court to give to the jury the following instruction:

" You are instructed that if you believe from the evidence that the plaintiffs agreed to sell to the defendant, and the defendant agreed to purchase from the plaintiffs, a certain quantity of the article called Tennessee rock, if the defendant could use the same satisfactorily, without specifying the time within which the same was to be ordered and delivered, or the time within which the defendant's ability to use the same should be determined, the law will presume that a reasonable time was meant, having regard to the nature of the contract, and the usages of the business in reference to which it was made; and if you believe from the evidence that the defendant could have used the said rock satisfactorily, according to the said contract, within a reasonable time, but did not, and that the defendant, before a reasonable time for determining its ability to use the said rock, or for furnishing or delivering the same, had elapsed, notified the plaintiffs that it had cancelled said contract, and would not accept said rock, it is your duty to find for the plaintiffs."

If there was a contract between the plaintiffs and defendant, of the nature alleged, and no time was specified for testing, ordering or delivering the rock, the law would presume that a reasonable time was meant for those purposes. *Young* v. *Ellis*, 91 Va. 297. And if the defendant could use the rock satisfactorily, yet cancelled the contract before it became incumbent on the plaintiffs to deliver it, they were not required to show

that they were ready and offered to deliver it. *Barnes* v. *Morrison*, 97 Va. 372. Therefore, in so far as the instruction enunciated these propositions of law, it was without fault, but it left it to the jury to determine whether or not the rock ought to have been satisfactory, without regard to the defendant's good or bad faith in declaring it not satisfactory, and in cancelling the contract. In this respect, for the reasons stated in connection with the next instruction to be considered, the instruction is erroneous, and should have been refused.

Error is assigned to the refusal of the court to give the following instruction:

" You are further instructed that if you believe from the evidence that plaintiffs agreed to sell to the defendant, and the defendant agreed to purchase from the plaintiffs, a certain quantity of the article called Tennessee rock, if the defendant could use the same satisfactorily, you are instructed that in determining whether the defendant could use the same satisfactorily it was bound to act fairly; and if you believe from the evidence that the defendant company did not act in good faith in declining to take the said rock, or if it declined to take the same because it could make better terms therefor with other persons, it is your duty to find for the plaintiffs."

This instruction was refused on the ground, as stated by the judge of the court below in the presence and hearing of the jury, that there was no evidence tending to show a want of good faith in the action of the defendant in rejecting the Tennessee rock in question, and cancelling the alleged contract.

This court said in *Hopkins* v. *Richardson*, 9 Gratt. 496: " It is certainly correct that no court is required to instruct the jury upon abstract questions of law not presented by the proofs in the cause. But this function of determining whether any proof has been given of the hypothetical case or not, and, if none, of re-

fusing to give the instruction asked for upon it, is one to be exercised with proper care and great caution. In a plain case of a total absence of evidence tending to make out the supposed case, the court may well refuse to give any instruction based upon it. But where there is such evidence, of however little weight it may appear to be to the court, or however inadequate in its opinion to make out the case supposed, it is best and safest for the court not to refuse to give the instruction asked for if it propound the law correctly." *Michie* v. *Cockran,* 93 Va. 641; *Kimball & Fink* v. *Friend,* 95 Va. 125; *Reusens* v. *Lawson,* 96 Va. 285.

Without discussing the evidence in this case or intending to express any opinion as to its weight, it is sufficient to say that we do not concur in the view taken by the court below that there was no evidence tending to make out the case supposed in the instruction.

The gist of the instruction is that the defendant was required to act fairly in refusing to take the Tennessee rock alleged to have been contracted for by it conditionally, and that, in determining whether or not the rock was satisfactory, the jury should take into consideration the evidence bearing upon that point, and determine whether the rock was in good faith not satisfactory to the defendant.

It is contended by the defendant in error that it alone was the judge and had the right to reject the rock, even though the jury might think that it ought to have been satisfactory. To sustain this contention the decisions of this court in *Averett* v. *Lipscomb,* 76 Va. 404, and *Watts* v. *Holland,* 86 Va. 999, are relied on.

These cases had reference to the title to real estate, and in the first of them, though the court was of opinion that the vendors could make a good title to the property, yet held the purchaser was not compelled to take it, because the parties themselves had stipulated that in a given event—viz: that the title was not satisfactory to the purchaser—the agreement should be void,

and that event came to pass; but the court emphasized the fact that the purchaser in refusing to take the property was required to act in good faith, for it says, if, on examination, he was not in good faith satisfied with the title, he was not to be bound.

So in the case of *Watts* v. *Holland,* it was held that the purchaser who had paid a part of the purchase money for the property contracted for had the right to recover it back, as there was no evidence in the record tending to prove that he was not in good faith dissatisfied with the title after report of his counsel that the title was defective.

Among cases decided by other courts and cited by defendant, and a case that goes as far, and perhaps farther, than any to which our attention has been directed, in support of the defendant's contention is *Silsby Mfg. Co.* v. *Town of Chico,* 24 Fed. Rep. 893. The court in that case held that where, under a contract, an article is to be made and delivered which shall be satisfactory to the purchaser, it must in fact be satisfactory to him, or he is not bound to take it, but the court also recognized and maintained the doctrine that where the purchaser is, in fact, satisfied, but fraudulently and in bad faith declares that he is not satisfied, the contract has been fully performed by the vendor, and the purchaser is bound to accept the article.

There are a number of cases decided in other jurisdictions seemingly in conflict with the doctrine embodied in the instruction under consideration, but they are, in the main, cases in which the thing to be furnished was intended to meet some peculiar taste or fancy of the buyer. Beach Mod. L. of Cons., secs. 103-4. This learned author reviews all the cases, and draws a distinction between the cases where the contract is to gratify taste, serve personal convenience, or satisfy individual preference, and cases where the objects of the contract is not to gratify taste or satisfy individual preference, deducing the rule in the first class of cases that the party for whom the work is done may properly determine for himself whether it shall be accepted;

and, in the second, that a recovery cannot be defeated by arbitrarily and unreasonably declaring that the work is not done to the satisfaction of the promisor.

Obviously, the case under consideration comes under the latter rule. It belongs to a class of contracts extensively used in commercial transactions, and presumably the plaintiffs relied on the defendant acting fairly in testing the Tennessee rock furnished it, and upon the defendant's good faith in declaring it not satisfactory and in cancelling the contract, otherwise the essential feature of the contract—mutuality—would be wanting, and still one of the parties be bound and the other not bound.

We are of opinion, therefore, that the instruction propounded the law correctly, and should have been given.

The following instruction was given to the jury at the instance of the defendant and over the objection of the plaintiffs:

" If you believe from the evidence that the purchase by the defendant of the 3,000 tons of phosphate rock, mentioned in the declaration, was conditioned upon the first shipment of 100 tons being satisfactory to it, and that the same was not approved by the defendant, nor satisfactory to it, that in consequence thereof it refused to accept the balance, you must find for the defendant."

For the reasons already stated, this instruction erroneously propounded the law of the case, in that it makes the non-approval by the defendant conclusive, irrespective of its good or bad faith in expressing its disapproval, and in cancelling its alleged contract.

We are unable to take the view urged by counsel for the defendant, that the case comes under the established rule of this court not to reverse the judgment complained of where the court can see from the whole record that, under correct instructions, a different verdict could not have rightly been found, or

that the exceptant could not have been prejudiced by the action of the court in giving the instructions given or in refusing those which were rejected. The case is peculiarly one to be passed upon by the jury, under proper instructions.

The judgment must be reversed, the verdict of the jury set aside, and the cause remanded for a new trial, to be had in accordance with this opinion.

*Reversed.*