# Wytheville.

## BAKER AND OTHERS V. WATTS.

### July 2, 1903.

1. APPEAL AND ERROR—*Refusal of Appeal—Law of the Case.*—The refusal of an appeal from a decree adjudicating the principles of a chancery cause is an affirmance of such decree, and puts at rest the questions so adjudicated, and they cannot thereafter be reopened.

2. EQUITY PRACTICE—*Petition to Rehear—Bill of Review—After-Discovered Evidence—What to Be Shown.*—Before allowing a petition for rehearing or a bill of review to be filed, on the ground of after-discovered evidence, the court must be satisfied that the evidence is new, and could not, by the use of ordinary diligence, have been discovered prior to the date of the decree complained of.

3. HUSBAND AND WIFE—*Fraud—Presumptions.*—In a contest between the creditors of the husband and the wife, the burden is upon the wife to show by clear and satisfactory evidence the *bona fides* of the transaction. The presumptions are in favor of the creditors, and not in favor of the wife. In the case in judgment the wife did not sustain the burden imposed on her.

Appeal from several decrees pronounced by the Circuit Court of Tazewell county, in a suit in chancery wherein the appellee was the complainant, and the appellants were the defendants.

*Affirmed.*

The opinion states the case.

*Fulton & Coulling,* for the appellants.

*Douglas H. Smith,* for the appellees.

HARRISON, J., delivered the opinion of the court.

This appeal is from three decrees of the Circuit Court of Tazewell county, dated, respectively, September 8, 1899, December 12, 1900, and May 27, 1901.

The court is of opinion that there is no error in the decree of September 8, 1899. This litigation had its origin in a contract between John G. Watts, J. W. Baker, and J. M. Beavers, of the first part, and C. G. Holland, of the second part, whereby the parties of the first part sold to Holland options upon certain coal lands. Two thousand dollars was paid in cash upon condition that, if the title was unsatisfactory to Holland, it was to be refunded. The title did prove unsatisfactory, and Holland, in an action at law, recovered judgment against the parties of the first part for the $2,000 he had paid them. This judgment in favor of Holland was reviewed by this court, and affirmed. See *Watts.* v. *Holland,* 86 Va. 999, 11 S. E. 1015.

In 1896 John G. Watts, who had been compelled to pay the whole of this judgment, filed his bill in the Circuit Court of Tazewell county, alleging his payment of the entire judgment; the joint and equal liability of J. W. Baker and J. M. Beavers to share that burden with him; and asking that he be substituted to all the rights of C. G. Holland, the judgment creditor, and that those equally responsible with him be required to make an equitable contribution toward the satisfaction of their joint liability.

J. W. Baker and J. M. Beavers, who were made parties defendant to this bill, filed a joint and separate answer in which they admit the payment by John G. Watts of the judgment, but deny his right to contribution from them, upon the following grounds: That some time before the sale of the option to Holland, respondents, having secured a number of options upon coal lands, entered into a parol contract or partnership with the complainant, Watts, by which he undertook and agreed to sell the options they then had, and such as they might thereafter secure, to examine and perfect the titles to the lands covered

by their options, and that each was to have one-third of the profits, if any, arising from the sales made. Respondents aver that complainant failed to perform his part of the contract by not making reasonable and proper effort to sell the options, and by neglecting to have the titles examined and perfected; that, if complainant had performed his part of the contract, the titles would have been satisfactory to C. G. Holland; and that the negligence and default of complainant occasioned the judgment in favor of Holland asserted in the bill, and prevented the sale to Holland being consummated.

Respondents further aver that complainant during the continuance of the contract or partnership with them, without their knowledge or consent, formed another partnership of the same kind, which directly antagonized and ruined the prospects and success of their contract or partnership; that complainant and his new partners are now the owners of valuable coal lands, which came into their possession through the labor, options, and information furnished by respondents in pursuance of their contract or partnership; that complainant, by thus using for the benefit of himself and others options and information furnished by respondents, was much more than reimbursed all sums paid to respondents, or used in the business growing out of the contract or partnership between them; that, soon after the refusal of Holland to take the property sold him, the same could have been sold to others at a profit sufficient to refund Holland the $2,000 cash payment, and to have paid respondents for their time and trouble in securing control of the property; but that, instead of managing the affairs of the partnership so as to make a profit, complainant had used the same for the benefit of himself and others, whereby he made a profit for himself, and occasioned a loss to respondents, of a much greater sum than they are indebted to complainant by contribution or by any other means.

Upon the filing of this answer a motion by the plaintiff for

an issue before a jury to assess the damages claimed by the de-
fendants as an offset was overruled, and the cause was referred
to a commissioner to take the evidence and state the necessary
accounts to enable the court to determine the issue made by
the bill and answer. On the 9th day of December, 1898, the
commissioner filed his report, and with it a mass of evidence,
much of which was conflicting, in which he says: "From a
careful consideration of all the testimony taken and filed in
the cause, your commissioner is of opinion that the complainant,
J. G. Watts, is entitled to recover from the defendants the
amounts claimed by him in his pleading." On the 8th day of
September, 1899, the learned judge of the Circuit Court, "upon
mature consideration," held that the complainant was entitled
to be subrogated to the lien of the judgment in the bill men-
tioned, overruled the exceptions to the commissioner's report,
confirmed the same, and gave a decree in favor of the plain-
tiff against the defendants for the several sums ascertained by
the commissioner to be due from each, and gave leave to the
plaintiff to amend his bill for the purpose of enforcing his
liens. From this decree the defendants applied for an appeal,
and, after careful consideration of the record, this court, being
of opinion that the decree appealed from was plainly right, re-
fused the appeal.

The decree of September 8, 1899, having settled and deter-
mined the issue between the parties as to the right of the ap-
pellee to be subrogated to the lien of the Holland judgment
against the appellants, J. W. Baker and J. M. Beavers, to the
extent of their liability to him, and this court having affirmed
that decree by refusing an appeal therefrom upon the ground
that it was plainly right, that question is at rest and cannot be
reopened.

The court is further of opinion that there is no error in the
decree of December 12, 1900. After an appeal was refused
from the decree of September 8, 1899, the appellants, J. W.

Baker and J. M. Beavers, presented their joint and separate petition for a rehearing of the last-named decree upon the ground of after-discovered evidence.

It is an established rule that, before allowing a petition for rehearing or bill of review to be filed on the ground of after-discovered evidence, the court must be satisfied that the evidence relied on is new, and could not by ordinary diligence have been discovered prior to the date of the decree complained of. *Craufurd's Adm'r* v. *Smith's Ex'r*, 93 Va. 628, 23 S. E. 235, 25 S. E. 657.

A petition to rehear a chancery suit which does not allege the discovery of new and important testimony not known or accessible to the petitioner before the former hearing, and which points out no error upon the face of the former decree, should be dismissed. *Woods* v. *Early*, 95 Va. 307, 28 S. E. 374.

In the case at bar the petition undertakes to review the evidence upon which the decree of September 8, 1899, is based, and closes with this single allegation with respect to after-discovered evidence: "Your petitioners now here state that the element of profit lacking in the evidence in this cause cannot be supplied, and that, after said cause was submitted to your honor, the complainant, your petitioners are advised, believe, and charge, sold said properties to one T. E. Houston at the rate of $15 per acre, and that a large part of the purchase price has been paid to the complainant."

There is no allegation in the petition that the evidence suggested by the language quoted was not known, and could not, by the exercise of reasonable diligence, have been discovered, before the date of the decree sought to be reheard. This was necessary under the authorities, and leave to file the petition was properly denied.

The court is further of opinion that there is no error in the decree of May 27, 1901. That decree is based upon the amended bill and the proceedings thereunder, leave to file which was

reserved to the appellee by the decree of September 8, 1899, for the purpose of enabling him to enforce the lien of the Holland judgment to which he had been subrogated. The amended bill alleged that the defendants had, since the date of the Holland judgment, in order to hinder, delay, and defraud the complainant in the enforcement of his lien, made certain alienations of their property, and asked that such alienees be made parties defendant, and the property of the judgment debtors be subjected to the satisfaction of his lien.

There are but two questions arising under these proceedings that we are called upon to notice. The appellant, Fannie E. Baker, wife of defendant, J. W. Baker, complains of the action of the court in decreeing a sale of five shares of stock in the Tazewell Improvement Company which had been transferred to her by her husband, J. W. Baker, and directing the proceeds of such sale to be applied to the debt of the complainant. Transactions between husband and wife must be fair and honest, and not mere contrivances resorted to for the purpose of placing the husband's property beyond the reach of his creditors; and in a contest between the creditors of the husband and the wife the burden of proof is upon her to show, by clear and satisfactory evidence, the *bona fides* of the transaction. In all such cases the presumptions are in favor of the creditors, and not in favor of the wife. *Flynn* v. *Jackson*, 93 Va. 341, 25 S. E. 1; *Spence* v. *Repass*, 94 Va. 716, 27 S. E. 583. In the case at bar, Mrs. Baker has not sustained the burden the law imposes upon her. The evidence does not establish that the five shares of stock were purchased with her means; on the contrary, it appears to have been an assignment to the wife without consideration, and the stock was properly subjected to the husband's debt.

There was no error in the action of the court in decreeing a sale of part of the real estate claimed by the defendant, J. W. Baker, as a homestead. This assignment of error has not been

pressed in argument, and it satisfactorily appears from the evidence that the homestead claim was largely in excess of the value allowed by statute, and that the value of the property remaining in the hands of the defendant is the full measure of his rights as a homestead claimant.

For these reasons, the decrees complained of must be affirmed.

*Affirmed.*