**Alexandria**

ELWIN F. HOLMES

v.

FRANCES SUE POE HOLMES

No. 1449-86-4

Decided December 20, 1988

474

COUNSEL

Thomas B. Throckmorton (Scully, Throckmorton & Glass, on brief), for appellant.

John E. Wetsel, Jr. (Kuykendall, Wetsel & Kuykendall, P.C., on brief), for appellee.

OPINION

**BENTON, J.**— Elwin F. Holmes was granted a divorce *a vinculo matrimonii* from his wife, Francis Sue Poe Holmes, on the statutory no-fault ground. The husband contends that the trial judge erred in determining the amounts of the monetary award and spousal support award, and he raises the following issues in this appeal: (1) whether military pensions are property subject to distribution by monetary award; (2) whether the trial judge erred in failing to reduce the gross estimated value of the husband's military pension to its present value; (3) whether the trial judge abused his discretion by refusing to grant a petition for a rehearing based on the allegation of a material mistake of fact apparent on the face of the record; (4) whether the trial judge erred by failing to consider the monetary award to the wife as income for the purpose of determining the wife's spousal support award; (5) whether the spousal support award constituted an abuse of discretion; (6) whether the trial judge erred by awarding monthly spousal support and monetary award payments to the wife that exceed the husband's monthly non-disability income; (7) whether the trial judge erred in determining that the bank accounts were marital property subject to distribution by monetary award; and (8) whether the trial judge erred in reserving the right to reopen

the suit in the event of the husband's death. For the reasons that follow we affirm the judgment.

I

The parties were married in 1942. They reared four children, all of whom were emancipated at the time of the divorce proceedings. After serving twenty-nine years with the Air Force, the husband retired as a colonel with a seventy percent disability rating.

Upon entry of the decree granting the husband a no-fault divorce, the trial judge awarded the wife $531 per month temporary spousal support. The trial judge also continued to a later date matters of distribution of property by monetary award and permanent spousal support, and he appointed a commissioner in chancery to take evidence concerning the classification and valuation of the property owned by the parties. The commissioner in chancery found that, with the exception of insignificant tangible personal property belonging to the wife, all other property was marital property. The wife filed no exceptions to the commissioner's report.

In his March 28, 1985, letter opinion, the trial judge noted that the commissioner in chancery erred in failing to classify and value the husband's military pension. The judge found that the husband's retirement benefits were a marital asset and that at the time of the divorce the husband was receiving retirement benefits totalling $3540 per month. The husband's evidence established that, of this sum, $1,062 was retired pay and $2,478 was disability pay. The trial judge deducted the husband's monthly government life insurance premium from $1,062 and determined the husband's disposable pay to be $1,043. The judge then multiplied the amount of the husband's annual disposable pay by a factor found in Code § 55-269.1 (the statutory annuity table), and determined the present value of the husband's disposable retired pay benefits to be $96,598.

The trial judge confirmed the commissioner's classification of the other marital properties and assessed their values as follows:

| | | |
|---|---|---|
| (1) | Tangible personalty | $19,387 |
| (2) | Intangible personalty (exclusive of retirement pay) | $39,426 |

(3)   Real estate                                              $68,000

The trial judge awarded the wife a monetary award of $98,103, a sum equal to fifty percent of the value of tangible personalty and real estate and forty percent of the value of intangible personalty and the husband's military retirement pay.

In considering the factors enumerated in Code § 20-107.3(E), the judge noted that while the husband had made nearly all monetary contributions to the marriage, the wife had made significant non-monetary contributions by performing the duties of homemaker, mother, and military officer's wife. The judge also found that the duration of the marriage was over forty-one years and that the evidence did not indicate one party was more culpable than the other in the demise of the marital relationship.

The trial judge also awarded the wife $1,000 per month spousal support, finding that this amount would not place undue hardship on the husband and would allow both parties to live in a manner similar to that to which they were accustomed during the marriage.[1] In addition to the factors considered in the determination

---

[1]   The trial judge's opinion assessed the income of the parties before and after spousal support as follows:

|  | | Monthly | Annually |
|---|---|---|---|
| (A) Husband's Income | | | |
| (1) Gross retired pay | | $1,062.00 | $12,744.00 |
| (a) Less monthly monetary award | | 417.00 | 5,004.00 |
| (b) Net retired pay | | 645.00 | 7,740.00 |
| (2) Disability retired pay | | 2,478.00 | 29,736.00 |
| (3) Social Security disability benefit | | 576.00 | 6,912.00 |
| (4) Total non-investment income before spousal support | | 3,699.00 | 44,388.00 |
| (5) Spousal support | | 1,000.00 | 12,000.00 |
| (6) Income after payment spousal support | | $2,699.00 | $32,388.00 |
| (B) Wife's Income | | | |
| (1)                      Social Security | | $ 226.00 | $ 2,712.00 |
| (2)                      Investment income | | | |
| (a) Presently invested | $10,000.00 | | |
| (b) Monthly monetary award for one year | 5,000.00 | | |
| (c) Cash monetary award payable by 12/1/85 | 15,000.00 | | |
| (d) Total investment funds | $30,000.00 | | |
| at 8% | | 200.00 | 2,400.00 |
| (3) Total income without spousal support | | 426.00 | 5,122.00 |
| (4) Spousal support | | 1,000.00 | 12,000.00 |

of the monetary award, the trial judge considered the following factors in making the spousal support award: the wife's limited opportunity to secure further education and training at age sixty-four; the husband's superior resources; the husband's annual tax-free disability retired pay of $29,736; the tax benefit of the deductibility of the husband's spousal support payments from his gross income; the inclusion of support payments in the wife's gross taxable income; the wife's continued eligibility for military health and commissary benefits; the wife's $383.50 per month mortgage on a home purchased subsequent to the divorce; and the husband's ownership of a home not subject to a mortgage.[2]

The husband filed exceptions to the judge's ruling, contending that since he was retired for disability reasons, his entire retirement pay was not "disposable" under 10 U.S.C. § 1408(a)(4) and therefore was not available for distribution by monetary award. The husband took further exception to basing a monetary award upon the value of retirement benefits he had not actually received. In addition, the husband filed a motion for a stay of execution of the court's order directing him to pay the monetary award, and he also alleged that the award improperly invaded savings accounts derived from disability income.

Pursuant to the husband's exception, the judge deferred the portion of the monetary award based on military retired pay pending his consideration of the status of military retirement pay; however, the judge denied the motion for a stay of execution. After considering the parties' memoranda and oral arguments and refusing a second motion for a stay of execution, the judge issued a supplementary letter opinion holding that the husband's trial testimony, affidavit, and memorandum, which stated that thirty percent of his military retirement pay was disposable, amounted to an admission that bound the husband to that position and prevented him from introducing contrary evidence.

Alleging that a material mistake of fact had been made in the method of computing his disposable retirement pay, the husband

(5) Total income $1,426.00 $17,122.00

[2] The husband does not raise as an issue (and we, therefore, do not address) whether the trial judge erred by including the balance of the husband's net retirement pay after the deduction of the monthly monetary award in determining his income for purposes of awarding spousal support.

requested a rehearing. After hearing argument on the petition, the judge issued a second supplemental letter opinion denying the petition to rehear, stating that although no final decree had been entered, the findings and rulings contained in the earlier opinion were comparable to a jury verdict and that he considered the nature of the husband's petition to be a bill of review. The judge further stated that a rehearing at that time would in essence be the granting of a new trial and that since the evidence which the husband wished to introduce was readily available at the time of the commencement of the litigation there was no basis on which to receive additional evidence.

## II

■ The husband contends that his military pension is not subject to distribution by monetary award because it is not property but merely an expectation of income. This Court addressed that precise issue in *Sawyer v. Sawyer*, 1 Va. App. 75, 335 S.E.2d 277 (1985), and held:

> We agree that pensions do not have the normal attributes of assets as such but they are property rights. Mr. Sawyer can enforce his right to his pension in the courts of the United States. Code § 20-107.3(E)(8) specifically requires the Chancellor to consider the present value of pensions and retirement benefits in deciding upon an equitable distribution award. This reference alone does not necessarily lead to the conclusion that a pension or retirement benefit is marital property; however, the legislature made clear its intent by providing in Code § 20-107.3(G) that "[n]o part of any monetary award based upon the value of pension or retirement benefits, whether vested or nonvested, shall become effective until the party against whom such award is made actually begins to receive such benefits." Our reading of the statute leads us to conclude that the legislature intended all pensions, including military pensions, to be personal property and subject to equitable distribution.

*Id.* at 78, 335 S.E.2d at 279-80. For the reasons stated in *Sawyer*, we hold that the trial judge properly found that a military pension is property subject to distribution by monetary award.

## III

The husband next contends that the trial judge erred in failing to discount the gross amount of his military pension to arrive at a present value of his pension. The husband asserts that the judge multiplied his annual disposable retired pay, $12,516, by 7.718 years, which the husband alleges to be his life expectancy, to arrive at $96,598 as a value of his pension. The husband then asserts that the trial judge should have discounted that amount by some factor, which the husband does not disclose, to determine its present value. "Code § 20-107.3(E)(8) specifically requires the trial court to consider the *present value* of pensions and retirement benefits in deciding upon the amount of a monetary award." *Brinkley v. Brinkley*, 5 Va. App. 132, 138, 361 S.E.2d 139, 141-42 (1987)(emphasis in original). Contrary to the husband's contention, the husband's statutory life expectancy at his age of 64 is 15.9 years. *See* Code § 8.01-419. The annuity table in Code § 55-269.1 that the judge used to determine the present value of the disposable portion of the husband military pension is not merely a quantification of the husband's life expectancy but is a method by which a present value is determined. *See* Code §§ 55-269.1, 55-270, and 55-271. Therefore, we find the husband's contention that the judge erred in calculating the present value of the husband's pension is without merit.

## IV

The husband further contends that a material mistake of fact is apparent on the record and that the trial judge erred in failing to grant a rehearing. The husband argues that the denial of his petition arose from the judge's incorrect assumption that the husband's petition was of the nature of a bill of review instead of that of a petition for a rehearing. We agree with the husband's characterization of the nature of his petition as a petition for a rehearing. *Hutcheson v. Savings Bank*, 129 Va. 281, 296, 105 S.E. 677, 682 (1921); *see also Royall v. Peters*, 180 Va. 178, 187, 21 S.E.2d 782, 786 (1942). A bill of review only lies to a final decree. *Downing v. Huston, Parbee Co.*, 149 Va. 1, 8-9, 141 S.E. 134, 136-37 (1927). We do not agree, however, that the trial judge abused his discretion in dismissing the petition.

■ After a court has concluded an evidentiary hearing "during which each party had ample opportunity to present evidence, it [is] within the court's discretion to refuse to take further evidence on this subject." *Morris v. Morris*, 3 Va. App. 303, 307, 349 S.E.2d 661, 663 (1986). In order to demonstrate an entitlement to a rehearing, a petitioner must show either an "error on the face of the record, or . . . some legal excuse for his failure to present his full defense at or before the time of entry of the decree." *Downing*, 149 Va. at 9, 141 S.E. at 136-37; *see also Baker v. Watts*, 101 Va. 702, 706, 44 S.E. 929, 930 (1903). Although the trial judge's letter ruling did not specifically address the issue whether there was an error on the face of the record, its ruling implies a finding that there was no such error. We agree.

Specifically, the husband alleges that the record demonstrates that his monthly disposable retirement income subject to equitable distribution, if any, is $217 rather than the $1,043 figure which he presented in evidence. When the husband retired from the military, he was seventy percent disabled. In arriving at the amount of $1043 monthly disposable retirement pay, the judge multiplied the husband's total monthly income of $3,540 by seventy percent to arrive at a figure of $2,478. He then subtracted this amount (the amount determined to be disability pay) from the $3,540 to arrive at $1,062. He then further reduced this amount by $19, the monthly life insurance premium, to arrive at the amount of $1,043 disposable retirement pay subject to equitable distribution. The husband alleges that this method of determining his disposable retirement pay was incorrect because his disability income should have been determined by multiplying his base pay of $4,720 by seventy percent instead of his total retirement pay by seventy percent. Such revaluation would result in a figure of $217 monthly disposable retirement pay instead of $1,043 because the calculation would be: the total monthly pay ($3,540) less disability pay ($3,304) less insurance ($19) equals disposable retirement pay ($217). The husband contends that this error in computation of the amount of disposable retirement pay is apparent on the record because (1) an exhibit shows his taxable income to be $236 monthly and (2) the federal statute titled "Computation of Retired Pay" states that the percentage of disability will be taken

against base pay to arrive at the amount of disability.[3]

The trial judge's ruling, however, does not constitute an error on its face because 10 U.S.C. § 1401 merely provides the basis to calculate the total retirement pay and does not designate the amounts of pay allotted to disability pay versus non-disability pay. Although the record indicates that the husband's monthly taxable income is $236, this evidence alone does not necessitate a finding that an error in the method of determining the amount of disposable retirement pay was made.

Moreover, since the husband's second proposed method of computation was available at the beginning of the proceedings, he has no ground upon which to contend that he should have been granted a rehearing on the basis of after-discovered evidence. *Baker*, 101 Va. at 706, 44 S.E. at 930. Prior to the filing of his memorandum in March of 1986, almost one year after the judge had written an extensive opinion resolving monetary award and support issues, the husband had never raised objection to the use of his total retirement pay as a base figure from which to compute the amount of his disability income. Furthermore, the judge derived his finding concerning disposible retirement income from the husband's testimony and affidavit that his disposable retirement income was in fact $1,042 per month.

██ After the court issued its first detailed letter opinion in March, 1985, the husband argued exceptions on several other grounds at numerous ore tenus hearings. When the judge denied the husband's petition for a rehearing, the case had been pending for over three years. As the trial judge stated in its third detailed letter opinion, "enough is enough."

Courts are provided for the purpose of putting an end, and a speedy end, to controversies, and not as a forum for endless

---

[3]  10 USC § 1401 states that in order to compute the amount of retired pay for a person retired under § 1201, the member should take his "[m]onthly basic pay of grade to which member is entitled under section 1372 or to which he was entitled on day before retirement or placement on temporary disability retired list, whichever is higher" and multiply that amount by "[a]s member elects - (1) 2 ½% of years of service credited to him under section 1208; or (2) the percentage of disability on date when retired," and then subtract from that amount the "[e]xcess over 75% of pay upon which computation is based."

litigation. Without valid excuse, no party who has had his day in court can reopen the hearing after final decision of extrinsic matters in controversy between the same parties on the mere ground that he wishes to interpose other defenses which he neglected to interpose before such decision was made. It is seldom that such defenses have any real merit, and where it chances that they have any validity, it is better that they should be lost by the negligent litigant than that the vitally important rule that there must be an end of litigation should be set at naught.

*Gills v. Gills*, 126 Va. 526, 546, 101 S.E 900, 906 (1920). "[A]s the petition to rehear did not allege the discovery of new and important [evidence] not known or accessible to petitioner before the former hearing and pointed out no error upon the face of the [record], it was properly dismissed." *Woods v. Early*, 95 Va. 307, 311, 28 S.E. 374, 375 (1897).

## V

The husband next argues that the trial judge erred in failing to consider the $417 per month monetary award payment from his military pension as income when determining the wife's spousal support award. In determining the amount of support and maintenance for a spouse, the judge must consider, among other factors, the intangible property interests of the parties, the financial resources of the parties, and the provisions made with regard to the marital property under Code § 20-107.3.[4] Thus, the judge was mandated by statute to consider the monthly $417 sum. The rec-

---

[4] Code § 20-107.1 states in pertinent part:
The court, in determining support and maintenance for a spouse, shall consider the following:
1. The earning capacity, obligations, needs and financial resources of the parties, including but not limited to income from pension, profit sharing or retirement plans;
2. The education and training of the parties and the ability and opportunity of the parties to secure such education and training;
3. The standard of living established during the marriage;
4. The duration of the marriage;
5. The age and physical and mental condition of the parties;
6. The contributions, monetary and nonmonetary, of each party to the well-being of the family;
7. The property interests of the parties, both real and personal, tangible and intangible;
8. The provisions made with regard to the marital property under § 20-107.3; and

ord, however, discloses that the judge did consider the $417 per month payment attributable to the pension when determining his spousal support award. In his opinion, the judge stated that he considered the financial resources of the parties. Furthermore, when computing the wife's income, the judge factored in an annual eight percent yield on the sums awarded to the wife by monetary award. We find that the trial judge complied with the dictates of Code § 20-107.1 when making the spousal support award.

## VI

The husband additionally argues that the permanent spousal support award was not supported by the evidence because the judge (1) failed to specifically address factors listed in Code § 20-107.1, and (2), without taking any new evidence, increased the prior temporary support award by fifty percent when making the permanent support award.

■ "In determining spousal support, a trial court has broad discretion and 'the appellate court will not interfere with such discretion, unless it is clear that some injustice has been done.' " *Morris v. Morris*, 3 Va. App. 303, 309, 349 S.E.2d 661, 664 (1986)(quoting *Oliver v. Oliver*, 202 Va. 268, 272, 117 S.E.2d 59, 62 (1960)). In exercising discretion, however, the judge must consider the factors enumerated in Code § 20-107.1. *Bristow v. Bristow*, 221 Va. 1, 3, 267 S.E.2d 89, 90 (1980). We find ample evidence in the record that the judge considered all the factors enumerated in Code § 20-107.1.

The judge noted that, although the husband made nearly all the monetary contributions during the parties' forty-one year marriage, the wife had made significant non-monetary contributions in raising the parties' four children and in assisting the husband in his career. The judge further noted that both parties were mentally alert, that the husband, though suffering from hypertension, was not limited more than any other person his age, and that the wife was in good health for her age. The judge stated that since both parties were in their mid-sixties their opportunities to secure education and training were largely academic.

9. Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

In assessing the parties' financial resources, the judge found that the husband's resources were vastly superior to those of the wife. The husband owned a home mortgage free and received $29,736 annual disability benefits tax free. The wife, on the other hand, owned a home subject to a $383 per month mortgage. In considering the tax consequences, the judge noted that the husband was allowed to deduct his support payments from his gross income, and that the support payments were includable in the wife's gross income. The judge stated that, after spousal support payments, the husband's approximate annual income is over $32,000 and the wife's annual income, including investment income from her equitable distribution award and her support payments, is slightly over $17,000. After consideration of all these factors, the judge ordered the husband to pay $1,000 per month spousal support, stating that this sum would not put undue hardship on the husband and would afford both parties the opportunity to live in a life style similar to that enjoyed by them during the marriage. The facts clearly support the trial judge's determination that the amount of the spousal support award will not place undue hardship on the husband and that the award will meet the financial needs of the wife.

▮ That the amount of the permanent award was a substantial increase over the amount of the temporary award is of no consequence. The amount of temporary support is not a factor under Code § 20-107.1 that the judge must consider when determining the appropriate amount of spousal support. Accordingly, we conclude that the trial judge gave due consideration to the factors enumerated in Code § 20-107.1 and did not abuse his discretion. *Collier v. Collier*, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986); *Thomasson v. Thomasson*, 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983).

## VII

The husband next argues that the trial judge erred in ordering $1,000 monthly spousal support because the monthly spousal support and equitable distribution payments exceed his monthly non-disability income of $1,062. The husband contends that since the amounts of the awards necessitate an invasion of his disability funds, the judge is in essence ordering him to pay from funds that have exempt status. We find no merit in this argument.

■ The judge did not specify that the payments had to come from the husband's excluded disability benefits. Contrary to the husband's contention, the source of the payments need not come from his exempt disability pay; the husband is free to satisfy his obligations to his former wife by using other available assets. Furthermore, we conclude that the husband's military disability benefits could properly be considered in determining the amount of spousal support awarded to the wife. *See Parker v. Parker*, 335 Pa. Super. 348, 350-54, 484 A.2d 168, 169-70 (1984); *Mims v. Mims*, 442 So. 2d 102, 103-04 (Ala. Ct. App. 1983); *see also Rose v. Rose*, 481 U.S. 619 (1987) (veterans' disability benefits may be used for the support of veterans' dependents).

## VIII

The husband further contends that the trial judge erred in considering the funds in his bank accounts as marital property subject to distribution by monetary award because those funds consisted almost entirely of exempted retired disability pay. He cites *Pfeil v. Pfeil*, 115 Wis. 2d 502, 341 N.W.2d 699 (1983), as authority for the proposition that exempt disability income retains its exempt status after it is banked and received. The husband further asserts commingling of exempt disability funds with marital funds has no effect on the exempt status of the disability funds because 38 U.S.C. § 310, concerning military disability benefits paid by the Veterans Administration, and 10 U.S.C. § 1408, concerning military disability payments, state no requirement that these exempt payments be maintained separately and distinctly from other assets. We find it unnecessary to address the husband's arguments that certain exempt disability funds retain their exempt status after being deposited in accounts and that these funds need not be maintained separately and distinctly from marital funds because we conclude that the husband did not carry his burden in establishing that the sources of his bank account funds were his disability pay.

■ Code § 20-107.3(A)(2) creates a rebuttable presumption that property acquired during the marriage is marital property. Code § 20-107.3(A)(2); *see also Lambert v. Lambert*, 6 Va. App. 94, 99, 367 S.E.2d 184, 187 (1988); *Brown v. Brown*, 5 Va. App. 238, 242, 361 S.E.2d 364, 366 (1987); *Rexrode v. Rexrode*, 1 Va. App. 385, 392, 339 S.E.2d 544, 548 (1986). Beyond the husband's

bald assertions in a memorandum and a motion that the sources of the bank accounts were disability payments, there is no evidence in the record establishing the sources of these funds. "The burden is always on the parties to present sufficient evidence to provide the basis on which a proper determination can be made." *Hodges v. Hodges*, 2 Va. App. 508, 517, 347 S.E.2d 134, 139 (1986). Because the husband did not present sufficient evidence that the sources of his accounts were exempt property, we find no error in the trial judge's classification of these accounts as marital property subject to distribution by monetary award.

## IX

The husband's final argument is that the judge erred in reserving the right to reopen the suit at the event of his death. In the final decree, the judge ordered the husband to pay the portion of the award attributable to the pension in two lump sums and the remainder in monthly payments of $417. The judge further stated that "[t]o the extent that a balance remains to be paid at the death of either party, then this suit shall be subject to reopening to determine questions presented at that time." The husband contends that this reservation of power to reopen the case is error because *McLaughlin v. McLaughlin*, 2 Va. App. 463, 472, 346 S.E.2d 535, 540 (1986), precludes the charging of a pension award against his estate in the event of his death prior to the payment of the total award.

We believe, however, that a ruling from this Court ordering the trial judge to excise that portion of its decree reserving power to reopen the case would be premature. The decree reserved the power to reopen the suit at either party's death. It is possible that the wife will die before the husband and the judge will reopen the suit at that time to relieve the husband from making further payments to her estate. It also is possible that the husband will die before the wife and the court will at that time render an order consistent with our holding in *McLaughlin*. The following statement in *Morris v. Morris*, 3 Va. App. 303, 306, 349 S.E.2d 661, 663 (1986), is appropriate to this issue:

[A] trial court has the power to reserve in a decree of divorce the authority to make a monetary award under Code § 20-107.3. *Parra v. Parra*, 1 Va. App. 118, 127, 336 S.E.2d 157,

162 (1985). This holding is consistent with the long held principle that a court of chancery need not fully exercise its power at one time but may adapt its relief to the circumstances of a particular case. *Brinn v. Brinn*, 147 Va. 277, 285, 137 S.E. 503, 505 (1927). The trial court's decision was also consistent with its authority to reserve consideration of support questions beyond the time of the final decree. *Thomasson v. Thomasson*, 225 Va. 394, 397 n.1, 302 S.E.2d 63, 65 n.1 (1983). Therefore, we find no error in the trial court's exercise of this authority.

For all the reasons stated, the judgment below is affirmed.

*Affirmed.*

Barrow, J., and Cole, J., concurred.