COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Benton and Bray
Argued at Richmond, Virginia


RONALD I. POWERS

                                    MEMORANDUM OPINION[*] BY
v.          Record No. 3095-96-2      JUDGE RICHARD S. BRAY
                                          JUNE 17, 1997
JOAN S. POWERS


              FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
                       Thomas V. Warren, Judge

         Jeremy C. Sharp for appellant.

         No brief or argument for appellee.


     Ronald I. Powers (father) appeals an order of the trial

court awarding custody of his five-year-old daughter, Cassie

Powers, to Joan S. Powers, the child's paternal grandmother

(grandmother).  Father complains that the trial court erroneously

conducted an ex parte evidentiary hearing, without proper notice,

and later denied father's motion to reopen the cause.  We agree

and remand for further proceedings and reconsideration.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     "After a court has concluded an evidentiary hearing 'during

which each party had ample opportunity to present evidence, it

[is] within the court's discretion to refuse to take further

evidence on this subject.'"  Holmes v. Holmes, 7 Va. App. 472,

―――――――――――――――――
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

480, 375 S.E.2d 387, 392 (1988) (quoting <u>Morris v. Morris</u>, 3 Va. App. 303, 307, 349 S.E.2d 661, 663 (1986)); <u>see also</u> <u>Hughes v. Gentry</u>, 18 Va. App. 318, 326, 443 S.E.2d 448, 453 (1994). To prove "entitlement to a rehearing, a petitioner must show either an 'error on the face of the record, or . . . some legal excuse for his failure to present his full defense at or before the time of entry of the decree.'" <u>Holmes</u>, 7 Va. App. at 480, 375 S.E.2d at 392 (quoting <u>Downing v. Huston, Darbee Co.</u>, 149 Va. 1, 9, 141 S.E. 134, 136-37 (1927)).

Here, the record clearly discloses that father was not afforded an "ample opportunity to present evidence" before the trial court. Father was not properly served with notice of the pending hearing and misunderstood grandmother's continuance motion filed with the court several days prior to the scheduled hearing date. With neither father nor the child's guardian <u>ad litem</u> present, the court denied grandmother's motion, conducted an <u>ex</u> <u>parte</u> hearing, and decided the issue. Manifestly, both father and guardian were entitled to reasonable notice and an opportunity to be heard at such significant proceedings. <u>See</u>, <u>e.g.</u>, <u>Eddine v. Eddine</u>, 12 Va. App. 760, 762-63, 406 S.E.2d 914, 915-16 (1991), <u>cert.</u> <u>denied</u>, 505 U.S. 1221 (1992). Under such circumstances, the court's award of custody of the child to grandmother, together with the court's subsequent denial of father's reasonable and timely request for rehearing, constituted an abuse of discretion. <u>See</u> <u>National Linen Serv. v. Parker</u>, 21

Va. App. 8, 19, 461 S.E.2d 404, 410 (1995) (discussing abuse of discretion standard).

Accordingly, we reverse the disputed order and remand for the trial court to undertake further proceedings, attended by proper notice and a right afforded all parties to present evidence and otherwise fully participate.

<u>Reversed and remanded.</u>