COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, McClanahan and Senior Judge Coleman


PAMELLA LUCILLE (POE) CHAVIS

MEMORANDUM OPINION*

v.      Record No. 2651-03-1

PER CURIAM
FEBRUARY 24, 2004

STEVEN JEROME CHAVIS


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
H. Vincent Conway, Jr., Judge

(Pamella P. Chavis, *pro se*, on brief).

(E. Thomas Cox, on brief), for appellee.


On appeal, Pamella Chavis (wife) contends "[t]he trial court erred in upholding the

findings of the Commissioner's report because:"

> 1.  The evidence presented showing ownership of the property was
> not reviewed.
>
> 2.  With ownership not being that of either spouse, it was not a
> marital issue.
>
> 3.  Not being a marital issue the court had no jurisdiction upon
> which to render a decision.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule

5A:27.

Background

On December 12, 2002, the parties submitted and the trial court entered a Decree of

Reference referring all matters involving the equitable distribution of the parties' property to

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commissioner Paul Kerr, III. The commissioner took deposition testimony on April 28, 2003, and filed his report and delivered copies to the parties on June 18, 2003.[1] In his report, the commissioner referred to husband's testimony "that he paid [wife] $30 per month on a time-share she purchased subsequent to the separation of the parties from May 2001 until November 2002." As a result, the commissioner recommended that wife reimburse husband "for payments made post-separation toward her separate property."

Husband filed exceptions to the report on June 25, 2003, stating he would argue the matter on July 22, 2003. He pointed out that his "payments toward the timeshare was $30 per week, not $30 per month" as the commissioner reported.

On June 27, 2003, wife filed a Notice that on July 22, 2003, she would move the trial court, *inter alia*, "to deny the reimbursement of monies paid on timeshare deeded in wife's name but jointly purchased by defendant and plaintiff."[2]

On July 22, 2003, the parties appeared before the trial court "to argue exceptions and for other relief." By order dated July 28, 2003, the trial court sustained husband's exception regarding his payments on the time-share, thus finding that husband was due reimbursement for weekly, not monthly, payments of thirty dollars. The trial court denied wife's motion that "the

[1] On November 7, 2003, wife submitted a proposed statement of facts, but the trial court never signed it.

On November 13, 2003, husband filed written objections to wife's proposed statement, and on November 13, 2003, the trial court signed an order adopting "the objections filed by [husband] to the statement of facts submitted by the plaintiff, with additional comments."

Wife never filed any objections to husband's objections, which the trial court signed and adopted, nor did she submit an appendix or file any transcripts from the commissioner's hearing or the trial court's hearing on exceptions to the commissioner's report.

Therefore, we rely on the documents contained in the trial court's manuscript record and on the signed objections adopted by the trial court.

[2] "[I]n an effort to resolve all matters," the trial court "determined" in its July 28, 2003 order "that it would treat [wife's] Notice as her Exception to the Report of the Commissioner."

Court deny the reimbursement of timeshare payments by [wife] to [husband]." In doing so, the trial court found "there were facts before the Commissioner that would support said finding."

The trial court entered a final decree of divorce on August 13, 2003; however, it retained the matter "on the Court's docket for review until September 10, 2003 at 8:30 a.m. at which time the parties are directed to appear."

On September 5, 2003, wife filed in the trial court a Notice "beg[ging] the court's indulgence regarding a request to revisit the issue concerning the defendant's claim for reimbursement of timeshare payments made on behalf of the plaintiff." Wife indicated that

> Court documents should show that the plaintiff's position, in regards to this matter, has been that the payments made by the defendant were for a timeshare purchased for one of the daughters. The plaintiff, therefore, with the court's permission, comes at this time to present recently acquired evidence in support of her position in this matter.

On September 10, 2003, the trial court conducted a hearing. By order dated September 15, 2003, the trial court denied wife's "motion to re-open the issue of restitution to [husband] for the timeshare purchase" and found that "the matter was resolved by its Order of July 28, 2003 and the Final Decree entered August 13, 2003."

### The Character of the Time-Share Property

Wife's assignment of error reads "[T]he trial court judge erred in upholding the findings of the Commissioner's report." Wife attacks those findings, arguing that the time-share was not "a marital issue," therefore "the court had no jurisdiction upon which to render a decision."

Her "sole question" presented was "whether or not the property the [husband] paid on and asking reimbursement for was an issue to be decided by this court." She says this question relates to her additional assignment of error, namely, that neither spouse owned the time-share and that the "evidence presented showing ownership of the property was not reviewed."

In her brief, wife relates facts without referencing where in the record such facts are located. For example, she contends that husband "agreed to the [time-share] purchase voluntarily." She also claims she "objected to the Commissioner's recommendation for reimbursement because the property was not a marital asset." However, she made no such argument in her written exceptions to the report, nor does the record on appeal support those allegations. Wife, as the appellant, had the burden on appeal of providing a record which substantiates her claims of error. See Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991). Without a transcript or a signed statement of facts to the contrary, the record does not support those factual allegations nor is there anything in the record explaining what evidence the commissioner considered or his rationale for ruling as he did. Because wife failed to provide us with a sufficient record to substantiate her allegations of trial error, we affirm the trial court's decisions. See Kyhl v. Kyhl, 32 Va. App. 53, 59-60, 526 S.E.2d 292, 295 (2000).

### Trial Court's Refusal to Rehear Evidence About the Time-Share

"The decision whether to grant or deny a rehearing is within the trial court's sound judicial discretion." Hughes v. Gentry, 18 Va. App. 318, 326, 443 S.E.2d 448, 453 (1994). "The burden is on the moving party to show a right to the relief sought." Id. (citing Holmes v. Holmes, 7 Va. App. 472, 482, 375 S.E.2d 387, 393 (1988)). "[A] petitioner must show either an 'error on the face of the record, or . . . some legal excuse for his failure to present his full defense at or before the time of entry of the decree.'" Holmes, 7 Va. App. at 480, 375 S.E.2d at 392 (quoting Downing v. Huston, Darbee Co., 149 Va. 1, 9, 141 S.E. 134, 136-37 (1927)).

Wife never excepted to the commissioner's finding that husband had been making post-separation payments to wife "toward her separate property [namely, the time-share]." In fact, wife indicated in her June 27, 2003 "Notice" that she wanted the trial court to "deny the

reimbursement of monies *paid on a timeshare deeded in wife's name* but jointly purchased by [husband] and [wife]." (Emphasis added.)

In her September 5, 2003 request for the trial court to "revisit the issue" relating to reimbursement for the time-share, wife attached a typed letter indicating that wife's daughter "has been the sole owner of [the time-share] . . . even [sic] since the property was purchased on February 25, 2001." However, wife "did not allege the discovery of new evidence not known or accessible to [her] before the former hearing," Hughes, 18 Va. App. at 326, 443 S.E.2d at 453, nor did she "point[] out . . . error upon the face of the record." Id. If the daughter had been the owner since 2001, there is no reason why wife could not have presented that argument to the commissioner in 2003. Accordingly, we cannot say the trial court abused its discretion in refusing "to reopen the issue of restitution" for the time-share.

Jurisdictional Argument

Code § 17.1-513 vests circuit courts with "original and general jurisdiction of all cases in chancery," and Code § 20-107.3 authorizes trial courts to identify, classify, value and distribute property, separate, hybrid and marital. Code § 8.01-607 allows trial courts to "appoint such commissioners in chancery as may be deemed necessary for the convenient dispatch of the business of such court," and Code § 8.01-615 provides that "[a] cause may be heard by the court upon a commissioner's report." "Exceptions to the commissioner's report shall be filed within ten days after the report has been filed with the court, or for good cause shown, at a later time specified by the court." Code § 8.01-615.

Because the commissioner was authorized, through the trial court, to classify, identify and distribute property, wife's assertion that the trial court did not have jurisdiction is without merit.

For the reasons stated, we summarily affirm the trial court.

Affimed.