COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Senior Judge Overton


PHILIP G. TRUE

                                                      MEMORANDUM OPINION[*]
v.        Record No. 0141-04-1                        PER CURIAM
                                                      JULY 20, 2004
KATHRYN G. TRUE


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                        Christopher W. Hutton, Judge

              (Kim A. Lewis, on briefs), for appellant.

              (Kathy Gear Owens, on brief), for appellee.


        Philip G. True appeals a decision of the trial court denying his motion to refer the parties'

divorce case back to the commissioner for a second hearing because he had no legal representation

at the first hearing before the commissioner.  Upon reviewing the record and briefs of the parties,

we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

        The record shows that on January 25, 2002, wife served husband with a bill of complaint, a

first set of interrogatories and a request for production of documents.  On May 13, 2002, wife filed a

motion to compel responses to the interrogatories and request for production of documents because

husband had not responded to these discovery requests.

        In October 2002, the commissioner in chancery set a January 30, 2003 hearing date to take

the depositions of the parties and to determine issues of equitable distribution and support.  The

commissioner advised the parties that if he was not notified of a need for a continuance prior to

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

January 16, 2003, the hearing would proceed as scheduled. On January 29, 2003, the trial court entered an order allowing husband's attorney to withdraw from the case. Husband signed the order, making no objection on the order. Husband appeared at the commissioner's hearing and requested a continuance because his attorney had withdrawn from the case and because he wanted to obtain another attorney. The commissioner denied husband's request and conducted the hearing in the husband's presence.

At a hearing on July 16, 2003, the husband appeared with an attorney and requested that the trial court send the case back to the commissioner for another hearing. The wife's attorney represented to the trial court that husband's former attorney had indicated, on several occasions, that the delay in the response to her discovery request was caused by husband's failure to provide his attorney with the pertinent information. Finding that husband had not cooperated with his former attorney and had delayed the proceedings by his own conduct, the trial court declined to send the matter back to the commissioner.

"The decision whether to grant or deny a rehearing is within the trial court's sound judicial discretion." Hughes v. Gentry, 18 Va. App. 318, 326, 443 S.E.2d 448, 453 (1994). "The burden is on the moving party to show a right to the relief sought." Id. (citation omitted). "[A] petitioner must show either an 'error on the face of the record, or . . . some legal excuse for his failure to present his full defense at or before the time of entry of the decree.'" Holmes v. Holmes, 7 Va. App. 472, 480, 375 S.E.2d 387, 392 (1988).

The record supports the trial judge's findings. The court reviewed the findings he had made at an earlier hearing where husband had testified concerning the circumstances under which his former attorney had withdrawn. The trial court found that husband had indicated he did not fully cooperate with his former attorney, "largely due to [husband's] work and educational requirements" and because husband's former attorney did not have "those things" he needed to fully prepare for

the commissioner's hearing.  In addition, husband also indicated "that he simply did not want the divorce to go through."  The record also shows that husband failed to timely respond to discovery requests, and he failed to cooperate with his former counsel, resulting in his attorney's inability to adequately prepare for the commissioner's hearing.  About six months after the commissioner's hearing, husband retained a new attorney and requested the opportunity to appear before the commissioner again.  Under these circumstances, we cannot say the trial court abused its discretion by denying husband's request to have another hearing before the commissioner.

Finally, we remind counsel that Rule 5A:20(d) requires the appellant, in his or her opening brief on appeal, to provide "[a] clear and concise statement of the facts that relate to the questions presented, with references to the pages of the transcript, written statement, record, or appendix."  The opening brief on appeal failed to include any reference to the trial court's finding that husband failed to cooperate with his former counsel resulting in counsel's withdrawal and a delay in the proceedings.  In addition, Rule 5A:25(c)(3) provides the appendix must include "any testimony and other incidents of the case germane to the questions presented."  We note, however, that the appendix does not include portions of the July 16, 2003 hearing transcript containing the trial court's fact findings and rulings on the issue raised on appeal.

Accordingly, we affirm the trial court's decision.  We grant appellee's request for a reasonable attorney's fee for this appeal, and we remand this matter to the trial court to fix the fee.

<u>Affirmed.</u>