COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Malveaux and Fulton
Argued at Fredericksburg, Virginia


EILEEN BOBSIN

                                                          MEMORANDUM OPINION* BY
v.        Record No. 1389-22-4                     JUDGE MARY BENNETT MALVEAUX
                                                               AUGUST 1, 2023
GEOFFREY BOBSIN


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Brett A. Kassabian, Judge[1]

          John S. Koehler (The Law Office of James Steele, PLLC, on briefs),
          for appellant.

          Robert M. Worster III (Worster Law PLLC, on brief), for appellee.


        Eileen Bobsin ("wife") appeals the circuit court's denial of her motion to reconsider after the

court conducted an equitable distribution hearing in her absence and entered a final order of divorce.

She contends that the circuit court erred by denying her motion and refusing to reopen the record so

that she could present evidence on the valuation of the marital accounts.  Finding no error in the

circuit court's decision, we affirm.

                                    I.  BACKGROUND

        "When reviewing a [circuit] court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Judge Daniel E. Ortiz briefly participated in this case in the circuit court.  Subsequently elected to this Court, Judge Ortiz did not participate in the consideration or resolution of this appeal.

*Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

On June 18, 2020, Geoffrey Bobsin ("husband") filed a complaint for divorce in the circuit court. Trial was set originally for August 24, 2021, but was continued three times between August 2021 and July 2022 due to changes of counsel by wife and an emergency motion for continuance by wife. On July 13, 2022, wife's sixth attorney filed a motion to withdraw as counsel stating that wife had informed counsel of her intent to find a new attorney.[2] On July 14, 2022, the circuit court entered an order granting the motion. At that time, trial was scheduled for July 18, 2022.

On that date, wife appeared in court without counsel and stated that she had fired her attorney on July 1. Nevertheless, she claimed that she was unaware of her attorney's withdrawal from the case. Counsel for husband stated that he had been present when the court heard the motion to withdraw, but that wife had not been present. He informed the court, however, that wife's attorney had said she had noticed wife about the proceeding by mail, email, and service of process. Counsel for husband further noted the numerous attorneys wife had previously discharged and that the court had already granted wife two continuances over husband's objections. He argued against a further continuance, stating that the case had been pending for more than two years and that "[i]t wasn't because of COVID. It was because of the continuances." Counsel for husband also noted that the continuances he had objected to had been brought "on . . . the Friday before a Monday trial," and contended that husband had been significantly prejudiced by the continuances.

---

[2] Counsel for husband represented that wife had employed nine attorneys by that point. We note the presence of at least six attorneys representing wife in the record.

The circuit court found that wife had had notice of her attorney's withdrawal.[3] It then told wife that, "I haven't heard a continuance request, but even if there was one, I am disinclined to grant it because . . . it was incumbent upon you to be ready for today or to continue the case before today rather than making the parties show up." Accordingly, the court announced its intention to proceed. However, before husband could present his opening statement, wife announced that she was not feeling well and stated that she had been having chest pains since having surgery in March 2022. Wife then requested a continuance "for a week, at least" so that she could go to the hospital. When the circuit court ruled that wife appeared able to proceed, wife said, "No. I'm holding my chest. I'm physically holding my chest. It's killing me right now." Wife continued to maintain she was experiencing chest and head pains and was "not well enough to do this now," and said she could summon her daughter to take her to the hospital. The court stated that it could call rescue personnel to come and examine wife, so that "if everything is fine, we can continue," but wife insisted she needed to go to the hospital with her daughter.

The circuit court summoned paramedics and continued the case to August 24, 2022. In its continuance order, the court noted that trial was continued "based on claimed medical emergency of [wife] for which emergency transport was called." It ruled that trial would not be continued again based upon wife's lack of counsel and required wife to "produce medical discharge [records] from 7/18/22 hospital admission not later than 8/18/22 to counsel for [husband]."

On August 24, 2022, wife failed to appear for trial. Husband informed the circuit court that wife had been served notice of the new trial date on July 18, 2022, and introduced into evidence a copy of the return indicating that notice had been posted on wife's front door. The court held that it

---

[3] In addition to the representations of husband's counsel, the circuit court also considered the certificate of service of the motion to withdraw that was part of the record.

was "satisfied" that wife "has notice of today's [court] date based upon service" and that it had "waited as long as it's going to wait for her appearance physically here." After further noting that there was "no record . . . of any request for a postponement of the case," the court expressed that it was ready to proceed and commenced trial in wife's absence. At the conclusion of trial, the court entered a final order of divorce valuing the marital assets based on husband's evidence and dividing the marital assets equally. The court noted in its order that wife had been "given active notice by posting and did not appear."

On September 9, 2022, wife filed a one-page motion for an "emergency case continuance / reconsideration," but offered no reason for her absence at trial. On September 13, 2022, wife filed a motion for reconsideration of the final order of divorce and asked that the order be "extended" for four weeks. For the first time, wife cited "emergency medical reasons" for her requests and asserted that she was at a hospital emergency room on August 24 and 25, 2022. On September 14, 2022, the circuit court entered an order suspending its final judgment for thirty days. In its order, the court directed wife to submit a brief in support of her motion "that evidence[d] her purported medical emergency."

On September 23, 2022, wife filed a "Motion for Reconsideration . . . Respecting Medical Emergency" and an accompanying brief. In her motion, she asked the circuit court to reconsider its final decree because a medical emergency had "rendered [her] medically unable to attend and participate in" the proceedings on August 24, 2022. She argued that the court should reconsider its ruling "for a few separate and distinct reasons to prevent manifest injustice . . . and to correct a clear error in the Order." Wife did not specify the "reasons" or the "error" in the order; instead, she simply requested "additional time to provide those details." Wife did not request a hearing on her motion or ask that the circuit court reopen the record.

- 4 -

In her accompanying brief, to which she attached copies of some of her medical records, wife stated that in the early morning of August 24, 2022, she experienced "an urgent medical emergency[] with extreme chest and eye/head pains." Wife was "unsuccessful in calling and reaching 911," but the pain "decreased a little" after she rested for a while, so wife called her physician and set up an appointment for 1:00 p.m. Wife stated that she and her physician "were both concerned about a heart attack," but the only medical record wife provided from her doctor's visit was a photocopy of a prescription instructing her to take ibuprofen alternating with Tylenol. The prescription did indicate that wife was to have an MRI scan of her head "to evaluate retroorbital pain," but provided that this should be done at the same appointment as a previously scheduled chest MRI set for the following week. Wife further stated that her physician suggested she go to the emergency room if her pain persisted, but no such recommendation is reflected in wife's medical records.

Wife indicated that her pain abated after visiting with her physician and going home to rest, but that she then "decided to be pro-active" by going to the emergency room. There, she "requested a cardiac workup" and was administered several tests, but was released some hours later. Wife's medical records from the emergency room indicate diagnoses of "[c]hest pain, unspecified type," "[a]cute non intractable tension-type headache," and knee pain and that wife was given Benadryl and anti-anxiety and anti-migraine medications while at the hospital.

Also in her brief, wife alleged that she had called the circuit court on the morning of August 24, 2022, as well as husband and his attorney, and left messages informing them that she could not attend trial. Wife further alleged that she had called the police regarding "non-receipt of [c]ourt documents posted to my house front door" and that they had told her to call after she returned home

from her doctor's appointment or the emergency room "so they could come by my house and take the full police report."[4]

Husband filed a response to wife's motion stating that he had not been served with a copy of the motion and that wife had not complied with the court's order that she provide him with medical documentation supporting her claim of a medical emergency on July 18, 2022. Husband also noted that wife's motion did not specifically identify what "she wants reconsidered and on what basis," and asserted that nothing in the motion established good cause to modify the final order of divorce.

On September 29, 2022, the circuit court entered an order summarily denying wife's motion to reconsider and vacating its suspension order. The order made clear that the court had considered the parties' briefs, wife's accompanying medical records, and the entire record of the case in making its determination. This appeal followed.

## II. ANALYSIS

Wife argues that the circuit court abused its discretion by denying her motion to reconsider based upon a medical emergency, because "[t]he record . . . amply demonstrates that wife has had extreme difficulty" due to a "documented history of medical issues[,] including surgeries" in 2021 and 2022. She contends that she made a good faith effort to request reconsideration and provided the court with documentation of her reason for not being present at the August 24, 2022 hearing, as well as of her efforts to inform the court and counsel she would be absent. Wife argues that the circuit court's decision deprived her of the opportunity to have the court consider her evidence alternately valuing the marital accounts.[5]

---

[4] In her opening brief, wife represents that "while she was receiving emergency medical treatment on July 18, 2022, her home was burglarized and [she] did not find the notice [of the new trial date of August 24, 2022] that had been posted."

[5] To the extent that wife argues that the circuit court erred by failing to reopen the record to allow her to present additional evidence, she has waived that argument because she did not request that relief below. *See* Rule 5A:18. Additionally, wife does not ask that we consider this

"Motions to reopen an evidentiary record or to reconsider a prior ruling involve matters wholly in the discretion of the [circuit] court," *Thomas v. Commonwealth*, 62 Va. App. 104, 109 (2013), and such motions "are generally 'not favored,'" *Everett v. Tawes*, 298 Va. 25, 40 (2019) (quoting *Hechler Chevrolet, Inc. v. General Motors Corp.*, 230 Va. 396, 403 (1985)). The principal ways in which a circuit court may abuse its discretion are when "a relevant factor that should have been given significant weight is not considered[,]" "an irrelevant or improper factor is considered and given significant weight[,]" or "all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." *Lambert v. Sea Oats Condo. Ass'n, Inc.*, 293 Va. 245, 253 (2017) (quoting *Manchester Oaks Homeowners Ass'n, Inc. v. Batt*, 284 Va. 409, 429 (2012)). We will find an abuse of discretion only when "reasonable jurists could not differ." *Hicks v. Commonwealth*, 71 Va. App. 255, 275 (2019) (quoting *Campos v. Commonwealth*, 67 Va. App. 690, 702 (2017)).

"In order to demonstrate an entitlement to a rehearing, a [party] must show either an 'error on the face of the record, or . . . some legal excuse for his failure to present his full defense at or before the time of the entry of the decree.'" *Holmes v. Holmes*, 7 Va. App. 472, 480 (1988) (second alteration in original) (quoting *Downing v. Huston, Darbee Co.*, 149 Va. 1, 9 (1927)). Moreover, a ruling denying a motion for reconsideration that alleges error or legal excuse, like all circuit court rulings, "come[s] to an appellate court with a presumption of correctness." *Sobol v. Sobol*, 74 Va. App. 252, 272 (2022) (quoting *Wynnycky v. Kozel*, 71 Va. App. 177, 192 (2019)).

Here, in denying wife's motion for reconsideration, the circuit court rejected wife's contention that she was "medically unable to attend and participate in" the trial on August 24,

---

argument under one of the exceptions to Rule 5A:18, and "this Court will not invoke an exception to Rule 5A:18 *sua sponte*." *Beasley v. Commonwealth*, 60 Va. App. 381, 399 (2012).

2022. Based on the record before us, we conclude that the court did not abuse its discretion in denying wife's motion.

We first note that prior to August 24, 2022, wife, having received two previous continuances based on changes of counsel, sought another continuance to secure new counsel at the original trial date on July 18, 2022; when the court announced its intention to proceed, wife alleged a medical emergency based on headache and chest pains she had been experiencing since a surgery the previous March. The court summoned paramedics and granted wife another continuance, setting a new trial date of August 24, 2022, and requiring wife to document for husband a hospital visit relating to the alleged medical emergency. Wife does not dispute husband's representation that she never provided documentation corroborating her claimed medical emergency, despite the circuit court's order to do so. Wife then failed to appear for trial on August 24, 2022. She later asserted both that she did not receive notice of the new trial date and, conversely, that she called the court, husband, and husband's counsel that morning to explain that she would be absent due to a new medical emergency. The record does not support either of wife's assertions.

Additionally, the record does not support wife's assertion that she was unable to attend court due to a new medical emergency on August 24, 2022. Wife claimed that when she began to experience an "urgent medical emergency" that morning, she was "unsuccessful in calling and reaching 911." Nothing in the record supports wife's contention that she was unable to successfully contact emergency services. Although wife contended that during a doctor's visit later that day, both she and her physician were "concerned about a heart attack," again, the record does not support this. The only medical record from that visit indicates that wife's physician instructed her to take Tylenol and ibuprofen, and although he did indicate that wife was to have an MRI to evaluate her head pains, he scheduled that MRI for one week later. Wife

- 8 -

did not allege that her physician sent her to the emergency room, and in fact admitted that she went to the emergency room on her own initiative, "to be pro-active." She further acknowledged that she, and not her attending physicians at the hospital, "requested a cardiac work up," and her medical records indicate that she was released from the hospital some hours later after receiving a diagnosis of knee pain, chest pain of an "unspecified type," and "non intractable tension-type headache." The record is also devoid of any doctor's note or other documentation that wife could have obtained to excuse her absence from court due to an "urgent medical emergency."

Wife has alleged no "error on the face of the record," and the record evidence discussed above does not demonstrate "some legal excuse for [her] failure to present [her] full defense" on August 24, 2022, or otherwise "before the time of the entry of the decree." *Holmes*, 7 Va. App. at 480 (quoting *Downing*, 149 Va. at 9). The circuit court did not commit a clear error of judgment or otherwise abuse its discretion by denying wife's motion for reconsideration. *See Lambert*, 293 Va. at 253. Accordingly, we affirm the ruling of the circuit court.[6]

<u>Husband's Request for Appellate Attorney Fees</u>

On brief, husband requests this Court to award appellate attorney fees and remand to the circuit court for a determination of such fees. He contends that wife's "contumacious behavior"

---

[6] Wife supports her argument by contending that this case is similar to *Seeraj-Montague v. Friendly Ride Access, LLC*, No. 180166 (Va. Mar. 14, 2019) (order), but that case is readily distinguishable. In *Seeraj-Montague*, there were three continuances prior to the ultimate trial date, but the two granted to the plaintiff were given to allow her to respond to a late disclosure by the defendant. *Id*. at *2. Here, by contrast, the three continuances between the initial trial date and July 18, 2022, were all attributable to wife. Further, when the plaintiff's counsel in *Seeraj-Montague* became ill, he notified opposing counsel, and when he realized that he would be unable to appear at trial, he notified both opposing counsel and the circuit court. *Id*. at *2, 4 n.4. Additionally, the plaintiff went to court on the trial date to request a continuance, although she arrived late and after the court had adjourned. *Id*. at *2 n.3. Additionally, the Court in *Seeraj-Montague* noted that there was "certainly no indication in the record that counsel's illness was feigned or that a continuance was sought solely 'to delay or evade a trial, and not to prepare for it.'" *Id*. at *4 (quoting *Myers v. Trice*, 86 Va. 835, 838 (1890)). Accordingly, appellant's reliance on *Seeraj-Montague* is misplaced.

has "insult[ed] the dignity of the Court and deprived [him] of an efficient and economic divorce free from needless delay and expense," and asserts that only an award of fees "will partially compensate him for his wasted time and money."

"The decision to award attorney's fees and costs incurred on appeal is within the sound discretion of the appellate court." *Marinaro v. Marinaro*, 73 Va. App. 424, 435 (2021); *see also* Rule 5A:30(b) (authorizing this Court to grant such fees). "The appellate court has the opportunity to view the record in its entirety and determine whether [an] appeal is frivolous or whether other reasons exist for requiring additional payment." *Rainey v. Rainey*, 74 Va. App. 359, 391 (2022) (alteration in original) (quoting *O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 695 (1996)). "In determining whether to make such an award, [this Court] shall not be limited to a consideration of whether a party's position on an issue was frivolous or lacked substantial merit but shall consider all the equities of the case." *Id.* (alteration in original) (quoting Rule 5A:30(b)(3)). Finding no insult to the dignity of this Court, and after considering the record and all the equities of the case before us, we deny husband's request for appellate attorney fees.

### III. CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*